**Louis L. YOUNG, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.**

**No. 84–2703.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 11, 1985.

Decided May 19, 1986.

Designated for Publication Oct. 29, 1986.

**964**

Alan R. Bergman, Lafayette, Cal., for plaintiff-appellant.

Joseph Stein, Asst. Regional Atty., Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before SNEED and BRUNETTI, Circuit Judges, and HUPP,* District Judge.

PER CURIAM:

This is an action for judicial review of a final decision of the Secretary of Health and Human Services denying appellant Louis L. Young's claim for disability benefits and Supplemental Security Income (SSI). On cross-motions for summary judgment, the district court upheld the Secretary's decision that appellant was not disabled within the meaning of the Social Security Act. Young appeals to this court, and we affirm.

FACTS

Appellant is a skilled laborer with fourteen years of formal education, including college aeronautics courses and specialized schooling in airplane automatic pilots. He has worked in overhauling automatic pilots, engine design, drafting, and, from 1975 to 1978, in disassembling and reassembling aircraft as an aircraft cabin mechanic. He stopped work on October 2, 1978 because of increased back pain. It is undisputed that appellant suffers from degenerative disc disease and that this prevents him from returning to his last position as an aircraft cabin mechanic, a job that involves significant amounts of lifting and medium to heavy exertion. However, the Secretary found that appellant was not disabled from

returning to his other former occupations, and on that basis denied appellant's disability claims.

Appellant's medical history indicates that he suffers from degenerative disc disease with osteoarthritis to the lumbosacral spine. In February 1981, appellant underwent a myelogram, which, consistent with earlier diagnoses of appellant, confirmed disc protrusions with bilateral nerve root sleeve defects. There is a consensus in the medical reports that appellant should not perform heavy lifting or consistent bending. However, with one exception, appellant's examining physicians all found that appellant was capable of performing light skilled or semi-sedentary work. Prior to March 1981, this assessment of appellant's condition was shared by appellant's treating physician, Dr. R.D. Collins. On March 26, 1981, however, Dr. Collins filled out a standard insurance form, labelled a "Physician's Statement of Disability," which now stands as the only medical report that declares appellant to be entirely disabled. In filling out the standardized form, Dr. Collins checked boxes on the form indicating that appellant was "totally disabled" from performing work "for any occupation" for an "indefinite" period of time. On the same form, Dr. Collins described appellant's condition as "improved." Further, when asked to give some estimate of when the disability would end, Dr. Collins estimated a disability ending date of September 27, 1981, six months from the date of the report. Although the report was inconsistent with Dr. Collins' earlier assessment that appellant was not disabled from performing light skilled or semi-sedentary work, Dr. Collins did not indicate the basis for his change of opinion on the matter. Appellant did not submit any medical reports concerning his condition subsequent to March 1981.

The administrative record also indicates that appellant has a history of chronic alco-

* The Honorable Harry L. Hupp, United States District Judge for the Central District of California, sitting by designation.

hol abuse. Appellant underwent one night of alcohol detoxification treatment in 1978 and entered an alcohol abuse program in 1979. In 1978 and 1979, appellant's treating physician advised appellant to limit his use of alcohol, and in 1980 a psychiatrist, Dr. Joseph Karis, noted that appellant engaged in habitual excessive use of alcohol. At the evidentiary hearing before the administrative law judge, appellant testified that he used alcohol frequently but that his use of alcohol had never been a problem in holding a job. There was no conclusive medical evidence on the issue of whether appellant's chronic alcohol abuse disabled him from performing past relevant work. Dr. Karis, however, did express some concern about whether appellant's drinking would interfere with his ability to follow directions from superiors.

In addition, Dr. Karis diagnosed a psychophysiological reaction to appellant's lower back problem that may have caused appellant to subjectively experience more intense back pain than would be suggested by physical examination. Dr. Karis, however, did not address the issue of whether appellant's psychophysiologic back pain was so intense as to entirely disable appellant from performing light skilled or semi-sedentary work.

Finally, the administrative record contains evidence that appellant also suffered from intermittent depressive neurosis. However, there was no conclusive evidence on the issue of whether that condition, either alone or in combination with appellant's other afflictions, entirely disabled appellant from performing his past relevant work.

## ADMINISTRATIVE PROCEEDINGS

Appellant first filed for disability benefits on October 24, 1979, claiming an inability to work since October 2, 1978 because of problems associated with degenerative disc disease and arthritis. Appellant later alleged that he also suffered from psychophysiologic back pain and moderate, intermittent depressive neurosis. Following an evidentiary hearing, an administrative law judge denied appellant's claims on February 2, 1981. In an administrative appeal, the Secretary's Appeals Council remanded the action, directing the administrative law judge to make specific findings concerning appellant's residual functional capacity in light of appellant's complaints about subjective pain and in light of subsequent clinical findings (including the February 12, 1981 myelogram and the March 26, 1981 report of Dr. Collins). In addition, the Appeals Council directed the administrative law judge to assess the evidence regarding appellant's "emotional impairment."

On remand, the administrative law judge conducted an evidentiary hearing and on March 15, 1982 denied appellant's claims, finding that appellant was not disabled from performing past relevant work. The administrative law judge concluded that "claimant's impairments, considered in combination, including consideration of his subjective complaints, alcohol and drug use, intermittent moderate depression, grip difficulty, blurriness of vision and back pain, do not prevent the performance of past relevant work."

The administrative law judge's denial of benefits was upheld by the Secretary's Appeals Council on September 15, 1982, and this action for judicial review of the Secretary's decision followed.

## DISCUSSION

In this appeal, claimant argues (1) that the administrative law judge erred as a matter of law by failing to exclude from his consideration Young's own testimony minimizing the effects of his drinking habits on his ability to work; and (2) that the Secretary's finding of no disability was not supported by substantial evidence.[1]

---

1. Appellant also argues that the expert vocational evidence submitted by the Secretary did not constitute substantial evidence of appellant's ability to return to his past relevant work. In his report to the administrative law judge, the vocational expert, Dr. Meadow, concluded that appellant was not disabled from past relevant work. This opinion was qualified and depended on the ALJ's findings regarding alcoholism and pain. Since the ALJ's findings on these items are supported by substantial evidence, the opinion of Dr. Meadow provided evidentiary

## A. *Standard of Review*

Under 42 U.S.C. § 405(g), the Secretary's denial of disability benefits will be set aside only if the Secretary's findings are not supported by substantial evidence in the record as a whole or if the Secretary applied improper legal standards. *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985). Substantial evidence "means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

In reviewing a district court's decision upholding the Secretary's denial of benefits, our review is essentially the same as that undertaken by the district court. "We consider the district court's decision but the statutory scheme mandates a full review of the facts by our court and an independent determination as to whether the Secretary's findings are supported by substantial evidence." *Stone v. Heckler*, 761 F.2d at 532.

## B. *Appellant's Testimony Concerning His Use of Alcohol*

The administrative law judge noted that appellant's "testimony shows that he enjoys the use of alcohol, that it never has been a problem regarding holding a job and that he feels he could stop it if he wanted to." Citing *Brown v. Heckler*, 713 F.2d 441 (9th Cir.1983), appellant argues that it was reversible error for the administrative law judge to consider or rely upon, to any extent, appellant's own testimony concerning his use of alcohol. *Brown*, however, held only that a finding of nondisability could not be based solely on a claimant's

declaration in written interrogatories that she was not disabled by alcoholism. The panel in *Brown* noted that the administrative law judge erred in not holding a hearing on the issue of the claimant's alcohol-related disability, concluding that the lack of a hearing "denied the ALJ the opportunity to make credibility judgments regarding [claimant's] testimony." *Brown*, 713 F.2d at 443.

■ Far from prohibiting administrative law judges from considering testimony from claimants minimizing the effects of their alcohol intake on their job performance, *Brown* simply cautions that, because of alcoholics' propensity for downplaying the adverse effects of their drinking, such testimony should not be given undue weight in the face of medical evidence to the contrary. Therefore, while appellant's testimony downplaying his use of alcohol was not conclusive on the issue of the claimed alcohol-related disability, the administrative law judge did not error as a matter of law in considering appellant's testimony regarding his drinking habits.

## C. *Substantial Evidence*

In this appeal Young claims disability based on three factors: (1) alcohol abuse; (2) appellant's intermittent depressive neurosis; and (3) appellant's lower back problems, aggravated by psychophysiologic chronic pain syndrome.

■ With respect to appellant's alcohol-related problems, it is quite true, as appellant argues, that relatively little weight should be given to appellant's own testimony minimizing the effect his drinking habits had on his job performance. However, there was nontheless substantial evidence to support the administrative law judge's conclusion that appellant's pattern of heavy drinking did not disable him from perform-

---

support for the conclusion that appellant was able to return to his past relevant work.

The fact is that if appellant was *not* suffering from uncontrollable alcoholism and disabling levels of lower back pain, then there can be little doubt that there was ample evidence to support the administrative law judge's finding that appellant was not disabled from perform-

ing past relevant work. Therefore, the only question here is whether there is substantial evidence to support the administrative law judge's finding that appellant was not suffering from disabling levels of lower back pain and was not disabled by his overuse of alcohol nor by intermittent depressive neurosis.

ing his prior work. It was the opinion of appellant's physicians, including Dr. Collins,[2] that appellant could perform light skilled and semi-sedentary work, notwithstanding appellant's chronic overuse of alcohol. Appellant did not introduce any evidence to rebut these medical reports. Dr. Karis, the psychiatrist, noted that appellant's drinking habits would impair his ability to follow directions, but Dr. Karis' report does not indicate that appellant's drinking habits entirely disabled him from performing his prior work. Where, as here, medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). The administrative law judge, drawing upon appellant's medical records and the testimony of the appellant and appellant's roommate, had substantial evidence to support his finding that appellant's use of alcohol did not disable him from performing his prior work.

Similarly, while the administrative record contains evidence of appellant's bouts with moderate depression, there was no medical evidence to suggest that his emotional state entirely disabled him from performing past relevant work. Dr. Karis, the psychiatrist, diagnosed appellant's condition as "[d]epressive neurosis, intermittent, moderate." While noting that the depression, coupled with appellant's drinking episodes, apparently interferes with appellant's activities, Dr. Karis did not conclude that appellant was totally disabled from past work. In the absence of any conclusive medical evidence on the issue, it is the function of the Secretary to resolve questions of resolutions of conflicts in the evidence. *Sample v. Schweiker*, 694 F.2d at 642. Given that the majority of medical reports listed appellant as not disabled, and that no medical evidence suggested that appellant's depression entirely prevented him from working, there was substantial

evidence to support the administrative law judge's finding that appellant's moderate depressive neurosis condition did not disable him from performing past relevant work.

Finally, with respect to appellant's lower back problem, the administrative law judge had substantial evidence to support his finding that appellant's degenerative disc disease and associated lower back pain did not disable him from performing prior work. With the lone exception of Dr. Collins' March 26, 1981 report, the medical reports on appellant's lower back problem indicated that appellant was not disabled from performing light sedentary or semi-skilled work. Moreover, the March 26, 1981 report of Dr. Collins is lacking in clinical detail. Although it directly contradicts Dr. Collins' earlier assessments of appellant's condition, the March 26, 1981 report sheds little light on the nature of appellant's claimed disability. The report contains few clinical findings, simply noting that appellant suffers from lower back pain and decreased left knee jerk, caused by degenerative disc disease. Earlier medical reports, including reports by Dr. Collins, indicated similar diagnoses but had reached the opposite conclusion, i.e., that appellant was not disabled.

Without providing any detailed analysis of appellant's condition and his diagnosis, Dr. Collins checked off boxes on a standard insurance disability form indicating that appellant was "totally disabled" from performing work "in any occupation." The report states at one point that appellant would be disabled for an "indefinite" period, but in another section, in which Dr. Collins was required to give some estimate of a recovery period, the report indicates that appellant's disability would end in six months. In addition, despite the fact that the March 26, 1981 report is the first and only time that Dr. Collins suggested that appellant was totally disabled, the report inexplicably lists appellant's condition as

**2.** Prior to the March 26, 1981 report, Dr. Collins, appellant's treating physician, had noted appellant's heavy drinking habits but had concluded that appellant was able to perform light skilled or semi-sedentary work. Although Dr. Collins

concluded in his March 26, 1981 report that appellant was "totally disabled," the report referred only to appellant's lower back problems and made no reference to appellant's abuse of alcohol.

"improved." Given the lack of detailed clinical findings in Dr. Collins' March 26, 1981 form report, and the fact that the report's finding of "total disability" contradicted all the earlier medical reports, including those of Dr. Collins, the administrative law judge had substantial evidence to support his conclusion that appellant was not disabled from performing his past relevant work in overhauling automatic pilots, drafting or other similar light-skilled or semi-sedentary jobs.

■ Appellant, however, argues that because of the progressive nature of degenerative disc disease, the March 26, 1981 report of Dr. Collins, as the latest medical report by appellant's treating physician, should be afforded greater weight than all the prior medical reports that had found that appellant was not disabled. Where a claimant's condition is progressively deteriorating, the most recent medical report is the most probative. *Stone v. Heckler*, 761 F.2d at 532. However, in the instant action, unlike *Stone*, it is far from clear that appellant's condition was progressively deteriorating, for even Dr. Collins' March 26, 1981 report listed appellant's condition as "improved." Furthermore, Dr. Collins' March 26, 1981 report is brief and conclusionary in form with little in the way of clinical findings to support the conclusion that appellant was totally disabled. In light of the conclusionary nature of Dr. Collins' March 26, 1981 report, it was appellant's responsibility to produce evidence either confirming Dr. Collins' report or reviewing appellant's condition subsequent to March 26, 1981.

In ruling upon appellant's first administrative appeal, the Secretary's Appeals Council specifically directed that on remand the second administrative hearing should review evidence of appellant's condition subsequent to the March 26, 1981 report. Yet appellant entirely failed to submit any evidence regarding his medical condition at any time after March 26, 1981. Appellant has stated that his search for this evidence was frustrated by Dr. Collins' refusal to cooperate with appellant after the March 26, 1981 report was issued. The administrative record, however, is silent on the issue of why appellant did not submit any medical reports from other physicians concerning appellant's condition subsequent to March 26, 1981. More than 11 months passed between Dr. Collins' March 1981 report and the final decision of the administrative law judge. This was ample time to produce additional medical evidence confirming or supplementing Dr. Collins' conclusionary report of March 26, 1981.

The Secretary's finding of no disability was supported by substantial evidence, notwithstanding appellant's claimed psychophysiologic reaction to back pain. In his report on the psychopysiologic reaction question, Dr. Karis wrote: "Although a conscious exaggeration of symptoms cannot be entirely ruled out, the current clinical picture seems consistent with a chronic pain syndrome on a psychophysiologic basis." Dr. Karis concluded, in agreement with appellant's examining physicians, that appellant was disabled from performing his former work as an aircraft cabin mechanic. The psychiatrist, however, did not indicate that appellant was entirely disabled from performing any of his past relevant work. Indeed, Dr. Karis' report is not conclusive on the issue of the extent to which appellant suffered from chronic pain syndrome on a psychophysiologic basis. That is, while Dr. Karis' report suggests that appellant does have chronic pain syndrome, it is not at all clear from the report that appellant suffers from disabling levels of lower back pain.

Aside from Dr. Karis' inconclusive evaluation, there was no evidence from physicians concerning appellant's claimed psychophysiologic reaction to lower back pain. We conclude, as did the court below, that there was substantial evidence to support the administrative law judge's decision that appellant was not suffering from disabling lower back pain. Overall, the reports of appellants' physicians are inconclusive or contradictory on the issue of psychophysiologic back pain. After carefully reviewing the medical evidence on the issue, the administrative law judge made specific findings discounting appellant's claims of disabling levels of lower back pain. *See Miller v. Heckler*, 770 F.2d 845, 848–49 (9th

Cir.1985). The administrative law judge, drawing upon the reports of appellant's physicians and the testimony of appellant and appellant's roommate, had substantial evidence to support his conclusion that appellant's complaint about subjective experience of disabling back pain was not credible. *See Nyman v. Heckler,* 779 F.2d 528, 531 (9th Cir.1986); *Miller v. Heckler,* 770 F.2d at 848–49.

■ In sum, the administrative law judge had substantial evidence to support his conclusion that appellant's physical and psychological impairments, considered in combination, did not prevent appellant from performing his past relevant work. Accordingly, the district court's judgment upholding the Secretary's denial of appellant's disability claims is affirmed.