956 F.2d 1169
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlotte M. WILSON, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, Defendant-Appellee.
 No. 90-35863.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1992.*
Decided March 10, 1992.
 
 Before CYNTHIA HOLCOMB HALL, O'SCANNLAIN and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charlotte Wilson filed an application for disability benefits on November 23, 1987. The application was denied, and the decision was upheld by an Administrative Law Judge ("ALJ") on February 14, 1989 after a hearing and consideration of the evidence and testimony. The Appeals Council declined to review the decision and Wilson filed a complaint seeking review in federal district court. The district court found substantial evidence supporting the ALJ's decision and affirmed the denial of disability benefits. Wilson appeals that ruling to this court.
 
 
 3
 * The ALJ properly made a credibility finding, Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989), that Wilson's testimony at the hearing regarding her level of pain was "totally inconsistent" with the pain she had described to a doctor only months earlier. When an ALJ disbelieves a claim of pain, he must make a specific finding justifying that decision. Id. at 602. An ALJ is not required to believe all claims of pain. Id. at 603. Social Security Ruling 88-13 sets out several factors, which the ALJ used, to evaluate claims of pain. This circuit has explicitly approved one of those factors which is particularly pertinent in this case: the claimant's daily activities. "[I]f, despite his claims of pain, a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." Fair, 885 F.2d at 603. Accord Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir.1991) (en banc).
 
 
 4
 The ALJ did not disregard Wilson's testimony regarding her pain but found that the pain would not keep her from performing her previous work of caring for the elderly which consisted of the same household tasks she was currently doing for herself and her family. Hence, Wilson's level of pain did not show that she was disabled and unable to perform gainful employment. 20 C.F.R. § 404.1520(e) (1991).
 
 
 5
 The ALJ articulated sufficient specific reasons to discount the effect on Wilson of her pain: her daily activities, her functional restrictions, and her mode of treating the pain. The ALJ properly considered her testimony and her findings did not arbitrarily reject it on improper grounds. See Bunnell, 947 F.2d at 345-46.
 
 II
 
 6
 The ALJ considered and rejected a physician's opinion that Wilson was unable to perform gainful work. Decisions of disability, however, are the responsibility of the Secretary and not of doctors. 20 C.F.R. § 404.1527. Nevertheless, the ALJ must consider such evidence. Id. The treating physician based his opinion partially upon potential employer expectations, and the ALJ properly rejected this non-medical advice. Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987).
 
 
 7
 The doctor's diagnosis of Wilson's physical condition was indirectly contradicted by other examining physicians. When the medical reports are inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Young v. Heckler, 803 F.2d 963, 967 (9th Cir.1986). Where the evidence is susceptible of more than one rational interpretation, the ALJ's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982). Furthermore, the ALJ can disregard controverted medical opinions "by articulating 'specific, legitimate reasons for doing so that are based on substantial evidence in the record.' " Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir.1991) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)).
 
 
 8
 The ALJ did state specific reasons supported by the record for dismissing the physician's opinion that Wilson was disabled and unemployable. The treating physician based his opinion upon a limited number of examinations conducted after the period of time for which Wilson claimed disability, considered non-medical factors, and the opinion did not contradict the ALJ's finding that she could perform the light duty tasks that her past work required. The ALJ also weighed substantial evidence that Wilson's health and physical capabilities were not disabling. Hence, the ALJ properly considered all the evidence in reaching his conclusion and in rejecting the physician's opinion.
 
 III
 
 9
 The ALJ determined Wilson's residual functional capacity and whether she could still perform "past relevant work." 20 C.F.R. § 404.1520(e). See also Bowen v. Yuckert, 482 U.S. 137, 141-42 (1987). The ALJ determined that Wilson was capable of performing the same tasks required in her past work as a care companion to the elderly notwithstanding her level of pain and physical ailments. Her daily activities and her ability to care for herself and her family, provide substantial evidence supporting the ALJ's finding that she can be employed at her past relevant work. SSR 88-13.
 
 
 10
 Wilson, as the claimant, "has the burden of proving disability within the meaning of the Social Security Act." Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir.1986). However, under 20 C.F.R. § 404.1520(e), since she can still perform the same tasks which she was required to perform on her last job, she has not shown herself to be disabled. 42 U.S.C. § 423(d)(2)(A); cf. Sanchez, 812 F.2d at 511 (Sanchez could return to past work and thus failed to show disability). Hence, Wilson did not show that she was unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A). The burden, then, never shifted to the Secretary to hear testimony from a vocational expert or to consider any other evidence of whether there exist other jobs in the national economy which Wilson could perform. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988); 20 C.F.R. § 404.1520(F)(1).
 
 
 11
 There is substantial evidence from Wilson's own testimony, and other evidence, that her impairments do not prevent her from performing the same functions that her previous employment required. 20 C.F.R. § 404.1520(e). Thus, after reviewing the evidence that supports and detracts from the ALJ's decision, Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.1986), we conclude that the decision was supported by substantial evidence in the record and was based on the proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir.1991).
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3