15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leandra GALLEGO, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-55777.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Decided Jan. 26, 1994.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Leandra Gallego appeals the district court's grant of summary judgment in her disability benefits case to the Secretary of Health and Human Services. We affirm.
 
 
 3
 We review grants of summary judgment de novo. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). This court "must determine whether the findings of fact of the Secretary are supported by substantial evidence in the record and whether the Secretary properly applied the law." Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir.1990).
 
 
 4
 Gallego argues that the ALJ committed reversible error by improperly using his own medical opinion about the seriousness of her physical condition as a basis for concluding that she is not disabled. This argument fails because Gallego has confused the ALJ's assessment of the evidence and determination that she had not proven a disability with an assumption of the medical expert role. The ALJ's decision contains a detailed, in-depth discussion of the relevant medical evidence, and a substantial amount of this evidence supports the conclusion that Gallego is not disabled. The ALJ considered Dr. Neal's, Dr. Yang's, and Dr. Stein's findings, although he ultimately rejected Dr. Stein's opinion as well as some of Dr. Yang's conclusions.
 
 
 5
 While Dr. Stein and Dr. Yang were treating physicians whose opinions would ordinarily be entitled to "greater weight" than those of a non-treating physician like Dr. Neal, Ramirez v. Shalala, No. 92-55163, slip. op. 12725, 12732 (9th Cir. Nov. 9, 1993), "the ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.' " Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quoting Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986)). Dr. Stein's opinion is both brief and conclusory and is completely unsupported by any clinical findings. Since Dr. Stein's unsupported conclusion directly contradicts Dr. Neal's findings and is inconsistent with Dr. Yang's observations, the ALJ was justified in disregarding it. While Dr. Yang's findings were better supported than Dr. Stein's, the ALJ may still disregard them as long as he "set[s] forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.1988) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir.1986)). We conclude the ALJ satisfied these requirements in disregarding some of Dr. Yang's conclusions.
 
 
 6
 The ALJ may have erred in finding Gallego could return to her job as a cannery worker. We need not decide this question, however, because the ALJ's finding that she could return to her other past relevant work as a homemaker was not clearly erroneous. "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. Secs. 423(d)(2)(A), 1382c(a)(3)(B) (1990). Since Gallego can return to her work as a homemaker, she is not disabled.
 
 
 7
 Gallego also argues that the ALJ erred in concluding that her allegations of disabling pain in excess of the medical findings were not credible. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an [ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (emphasis added). However, an ALJ may determine that the claimant's allegations of severity are not credible if the ALJ makes specific findings that support this conclusion. Id. The ALJ who considered Gallego's claim followed this approach correctly and made the requisite specific findings before concluding that her allegations were not credible. "Credibility determinations are the province of the ALJ.... Where ... the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second guess that decision." Fair v. Bowen, 885 F.2d 597, 604 (9th Cir.1989). Because the ALJ did make the required findings of fact, and because these findings are based on substantial evidence, we will not second guess the determination that Gallego's allegations of disabling pain were not credible.
 
 
 8
 The district court's grant of summary judgment for the Secretary is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, M.D., as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3