39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry J. CORNBLITH, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 93-55445.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Oct. 25, 1994.
 
 Before: FLETCHER and FERNANDEZ, Circuit Judges, and SEDWICK,** District Judge.
 MEMORANDUM***
 Harry J. Cornblith appeals the district court's summary judgment which upheld the denial of disability benefits. He claims that the Administrative Law Judge failed to accord sufficient weight to the conclusion of his treating physician regarding his disability, failed to credit his testimony of excessive pain and physical restrictions, and erred in finding that he could perform his past relevant work. We vacate and remand.
 1. We reject Cornblith's claim that the ALJ erred when he failed to credit the opinion of a treating physician. It is true that greater weight is given to treating physician opinions, but those opinions are not conclusive. See Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir.1992). It is also true that the ALJ must carefully explain the reasons for rejecting a treating physician's opinion. See Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir.1989). Here, as the ALJ noted, the treating physician's opinion was not supported by other physicians, the opinion was cryptic and not at all explanatory, and the clinical notes too were so cryptic as to be unhelpful. See Young v. Heckler, 803 F.2d 963, 967-68 (9th Cir.1986) (per curiam). Cornblith makes excuses for the deficiencies, but we cannot say that the ALJ erred.
 2. Cornblith's second contention, however, has merit. He asserts that part of his disability arose out of the pain which was caused by the symptoms and results of his Crohn's Disease. That disease, he says, has caused him to have an ileostomy and has inflicted suffering upon him that makes it difficult for him to bend forward, to stay in one position for more than 15 minutes, or, basically, to perform his past work. The ALJ recognized (as did the district court) that Cornblith's testimony about the degree and persistence of his pain could not be rejected out of hand. There was certainly medical evidence on the claimed source of that pain, and if the amount he testified to was "excessive," the ALJ had to explain why he rejected the existence of that excess. See Bunnell v. Sullivan, 947 F.2d 341, 343-46 (9th Cir.1991) (en banc).
 The ALJ did give reasons for rejecting the pain testimony, but those reasons were wholly unsatisfactory. The ALJ first relied on a physician's opinion that the Crohn's Disease had stabilized and that Cornblith had shown improvement. But that was before the disease had worsened to the point that an ileostomy and a further operation for bowel blockage were required. We fail to see the relevance of that early opinion to Cornblith's present pain.
 The ALJ then opined that Cornblith was not suffering adverse side effects from his medications. We see that as another irrelevancy; Cornblith did not say that medicinal side effects were the source of his pain.
 Finally, the ALJ indicated that an examining physician, Dr. Brandon, did not find any "significant, disabling abnormality of any of the claimant's muscles, spine, or joints...." But Cornblith asserts severe abdominal pains, and we have no trouble accepting the possibility of pain in the region of his abdomen, even if his spine, joints, and muscles are just fine. At least, it is far from obvious that the lack of pain at the latter locations answers his assertions about pain in his stomach area. On this record, the ALJ's glissade from one to the other is not justifiable.
 While there may be other evidence in this record or elsewhere to support the rejection of Cornblith's pain testimony, the ALJ has failed to state satisfactory reasons for the rejection, so we must reject his decision.[1]
 We therefore vacate the district court's decision and remand to the district court with directions to remand to the Secretary for further proceedings consistent with this decision.
 VACATED AND REMANDED.
 
 
 
 *
 Donna E. Shalala is substituted for Louis W. Sullivan, M.D., Secretary of Health and Human Services, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 Honorable John W. Sedwick, United States District Judge, District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not separately assess the vocational expert's testimony. The issue was not raised as a separate point in the district court. See Matney, 981 F.2d at 1019. Of course, we recognize that the testimony was, of necessity, based upon and tainted by the ALJ's faulty decision about Cornblith's pain