87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa HERNANDEZ, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 95-15332.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1996.*
Decided June 19, 1996.
 
 Before: SNEED, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The ALJ found that plaintiff suffers from a number of afflictions, including fibrositis, an affective disorder and an epigastric disorder. Nevertheless, he concluded that these conditions, alone or in combination, were not severe enough to support plaintiff's claim of disability. CR at 20. In making this determination the ALJ relied on the opinion of Dr. Sinnott, plaintiff's treating physician, that plaintiff retained the capacity to sit for two consecutive hours, and up to six hours in a work day if she alternated sitting, standing and walking. The ALJ rejected Dr. Sinnott's conclusion, however, that plaintiff was "precluded from the use of her upper right extremity." CR at 22. Instead, the ALJ adopted the findings of Dr. Kurtz who concluded that plaintiff "could lift and carry ten pounds frequently and twenty-five pounds occasionally" and was capable of "a combination of activities for a full [work] day." CR at 21. He concluded therefore that her conditions did not preclude her from pursuing full-time employment. CR at 21.
 
 
 3
 Plaintiff criticizes the ALJ's effort to "pick and choose" between portions of the doctors' testimony. Plaintiff complains, in particular, that the ALJ's rejection of Dr. Sinnott's opinion concerning the use of her upper right extremity was not supported by "substantial evidence." Fair v. Bowen, 885 F.2d 597, 605 (9th Cir.1989). While the ALJ is required to give some deference to the opinion of a treating physician, if that opinion is premised on the discredited subjective complaints of the patient, the ALJ may disregard it. Id. at 605; Brawner v. Secretary of Health and Human Serv's, 839 F.2d 432, 433-34 (9th Cir.1988) (per curiam). The ALJ found that Dr. Sinnott "was unable to attribute [plaintiff's] swelling and restricted motion to any medically determinable disorder," nor could any of the other doctors who examined her determine the cause of her condition. CR at 22. Given this paucity of verifiable medical evidence, the ALJ found that Dr. Sinnott's opinion was based largely on plaintiff's own description of her conditions. The ALJ ultimately concluded that the plaintiff's testimony on this point was not credible.
 
 
 4
 Plaintiff must carry a heavy burden in seeking to have this determination reversed, as we do not upset the credibility determinations of an ALJ when they are based on evidence that is "contradictory or ambiguous." See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995). The ALJ is entitled to "disregard unsupported, self-serving statements, and this court will defer to the ALJ's credibility determinations when they are appropriately supported in the record by 'specific findings justifying that decision.' " Flaten v. Secretary of Health and Human Serv's, 44 F.3d 1453, 1464 (9th Cir.1995) (quoting Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986)) (citation omitted). This rule is premised on the recognition that the ALJ, having observed the witnesses, is in a far better position to weigh the evidence than an appellate court reviewing a cold transcript of the testimony.
 
 
 5
 Here, the ALJ had ample reasons for disbelieving plaintiff. "Factors that the adjudicator may consider when making such credibility determinations include the claimant's daily activities, inconsistencies in testimony, effectiveness or adverse side effects of any pain medication, and relevant character evidence." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). The daily activity records submitted by plaintiff and her daughter disclose that she was able to take care of herself and her household: she regularly cooked, dusted, washed dishes, did laundry, cleaned her kitchen and bathroom, changed linens, went for walks, made grocery purchases and drove a car. CR at 162-64, 169-72. Further, the record suggests that plaintiff worked during much of the time for which she claimed disability, although her employment record was less steady than it had been in previous years. CR at 332. We have repeatedly held that performance of such activities is sufficient to support a credibility determination adverse to a disability claimant. Orteza, 50 F.3d at 750; Matthews v. Shalala, 10 F.3d 678, 679-80 (9th Cir.1993); Fair, 885 F.2d at 603-04.
 
 
 6
 Plaintiff's credibility was further undermined by the inconsistencies in her testimony. The ALJ incorporated by reference the credibility assessment of the ALJ who heard plaintiff's case in its initial incarnation. The first ALJ found that:
 
 
 7
 [C]laimant's report of onset is not credible, as she claims to have sustained "whiplash" just getting out of bed. On the other hand, she also attributes her symptoms to a motor vehicle accident in 1987.... Moreover, the nature, location, onset, duration, frequency, radiation, and intensity of the pain alleged varies from time to time and from examiner to examiner, and except for the right shoulder and neck movements, is not reproducible throughout the record.
 
 
 8
 CR at 309-10.
 
 
 9
 Since the ALJ was justified in discrediting plaintiff's description of her subjective symptoms, he was entitled to discount the opinion of her treating physician concerning her disability, and accept those other portions of the medical evidence most consistent with his overall view of the record. Since the evidence here was "contradictory or ambiguous," we will not upset the ALJ's assessment of the medical evidence.[1] See Johnson, 60 F.3d at 1434.
 
 
 10
 Plaintiff's contention that she is disabled by her depressive disorder is similarly unavailing. The diagnosis of this disorder was based not on the presence of "symptoms of a major depression," but rather on plaintiff's subjective complaints about her condition. See CR at 23. The ALJ, however, found that plaintiff was able to conform to a schedule, attend church services on a semi-regular basis, socialize with friends and family on occasion, and care for herself and her household on a regular basis. Plaintiff also has not availed herself of treatments for her depression, further undermining her claim of disability. CR at 310-11. All of this evidence was properly weighed by the ALJ, and we have held repeatedly that these factors are adequate to support a denial of benefits. See Johnson, 60 F.3d at 1434; Orteza, 50 F.3d at 750; Flaten, 44 F.3d at 1464-65; Fair, 885 F.2d at 603-04.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Plaintiff's invocation of Chronic Fatigue Syndrome (CFS) does nothing to bolster her claim of disability. Plaintiff submitted a one-page form, prepared by Dr. Shames, to the ALJ bearing a diagnosis of CFS. The ALJ rejected this opinion because it was not accompanied by "supporting medical evidence." CR at 25. The ALJ was not required to accept an evaluation that was "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion", particularly in light of the strong countervailing evidence detailed above. Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986) (per curiam)