96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorcas L. FERTIG, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Commissioner of Social
Security, Defendant-Appellee.
 No. 95-35765.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 8, 1996.
 Decided Sep. 6, 1996.
 
 Before: ALARCON, NORRIS, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorcas Fertig appeals the district court's summary judgment affirming the Commissioner's decision to deny Fertig SSI benefits. Fertig argues that the Commissioner erred by finding that Fertig was neither disabled according to the Mental Retardation and Autism listing, 20 C.F.R. 404 Subpt. P, App. 1, § 12.05, nor disabled according to the Obesity listing. 20 C.F.R. 404 Subpt. P, App. 1 § 9.09. In addition, Fertig claims that the Commissioner did not meet her burden of showing that Fertig can perform available jobs because (1) the hypothetical question posed to the vocational expert failed to include all of Fertig's impairments, and (2) the vocational expert misclassified two categories of "light" work as "sedentary" work.
 
 
 3
 We review summary judgments de novo. Andrews v. Shalala, 53 F.3d 1035, 1039 n. 1 (9th Cir.1995). We only overturn a Commissioner's decision to deny benefits if the decision was not based on substantial evidence or if the decision was legally improper. 42 U.S.C. § 405(g); Andrews, 53 F.3d at 1039.
 
 
 4
 To meet the obesity listing for her height, Fertig's weight must have continuously exceeded 250 pounds for 12 months. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. 404, Subpt. P, App. 1 § 9.09 (Table II-Women). Fertig's weight frequently dropped below the 250 pound mark. And although Fertig claims that her hypertension and arthritis establish impairments equal in severity to the obesity listing, there was evidence that her arthritis neither limited her movement nor required medication, CR at 190, 267, and that her hypertension had been controlled through medication. CR at 150, 167, 194, 199, 209-10, 213-18, 295.
 
 
 5
 Fertig offered new evidence, after the administrative hearing, to support her mental retardation claim. The Appeals Council correctly evaluated the entire record in light of the new evidence, Bates v. Sullivan, 894 F.2d 1059, 1064 (9th Cir.1990), and decided not to disturb the ALJ's finding. We affirm. The new evidence, which consisted of a psychological evaluation that measured Fertig's IQ, rated Fertig's IQ very near the range required for mental retardation. Nonetheless, Fertig did not offer evidence that she manifested that low IQ level before she was 22 years old, as required by 20 C.F.R. 404, Subpt. P, App. 1 § 12.05.
 
 
 6
 Fertig's argument that the Commissioner failed to carry her burden of proving that Fertig could work in specific jobs similarly fails. Fertig claims that the ALJ failed to include all characteristics of Fertig's disability when the ALJ asked the vocational expert a hypothetical question about what type of work Fertig might perform. But it is not error for the Commissioner to refuse to consider the additional disabling characteristics Fertig wanted considered. See Magallanes v. Bowen, 881 F.2d 747, 757 (9th Cir.1989) (limitation of evidence in hypothetical question posed to vocational expert is objectionable only if facts in question not supported in record). The examining psychiatrist stated that Fertig's anxiety symptoms did not "render her totally disabled," CR at 184, and the ALJ was entitled to discount the mental health expert's findings because they were conclusory. See Young v. Heckler, 803 F.2d 963, 968 (9th Cir.1986).
 
 
 7
 Finally, it was not error for the ALJ to determine that Fertig could work as an agricultural produce assorter. Although the Dictionary of Occupational Titles lists agricultural produce sorter as "light" work, the vocational expert supported her testimony that the work is "sedentary" by stating that she had conducted market labor studies that demonstrated the work as sedentary. CR at 271, 276. Although Fertig is correct that there was no similar evidentiary support for the ALJ's finding that Fertig could work as a small products assembler, this error is harmless because the Commissioner did establish that Fertig could work as an agricultural produce sorter.
 
 
 8
 The summary judgment affirming the Commissioner's decision to deny SSI benefits is AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this opinion for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3