Jennifer CAIN, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 02–56070.

D.C. No. CV–00–02337–NAJ.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2003.*

Decided Aug. 26, 2003.

Henry N. Ernecoff, Esq., Law Office of Henry N. Ernecoff, San Diego, CA, for Plaintiff–Appellant.

Katherine R. Loo, SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before THOMAS, PAEZ, Circuit Judges, and REED, District Judge.**

MEMORANDUM***

Jennifer Cain ("Cain") appeals from the district court's summary judgment in favor of the Commissioner of Social Security

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Edward C. Reed, Jr., Senior District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("Commissioner"). The district court affirmed the decision of the Administrative Law Judge ("ALJ") denying Cain Social Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.* The ALJ concluded, on the basis of step five in the five-step sequential analysis in 20 C.F.R. § 404.1520(a)-(f), that Cain was not "disabled" within the meaning of the Act, 42 U.S.C. § 1382c, because she retained the residual functional capacity to perform "a significant number of jobs available within the regional and national economies."

Cain contends on appeal that the ALJ should have accorded greater weight to the opinions of her treating and examining physicians and that he erred by not considering the effect of her chronic obesity on her residual functional capacity. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's decision affirming the ALJ, *Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir. 2003), and we reverse and remand for an award of benefits.

## I.

The ALJ rejected the opinions of Drs. Dimitman and Weissbein, Cain's treating physicians, and the opinion of Dr. Grier, an examining physician, who concluded that Cain was markedly impaired in her occupational and social functioning and essentially unable to work, in favor of the opinion of Dr. Bolter, a non-examining, non-treating physician, who testified that Cain retained the residual functional capacity to perform simple repetitive tasks that do not involve public contact and that require only minimal contact with peers and supervisors. We conclude that the ALJ erred by according greater weight to the opinion of a non-examining, non-treating physician than to the opinions of Cain's treating and examining physicians without providing

"specific" and "legitimate" reasons supported by "substantial evidence in the record" for doing so. *See Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995).

In rejecting Dr. Grier's and Dr. Dimitman's opinions, the ALJ concluded that Cain's "reported activities" were inconsistent with "a marked limitation in her ability to adapt to a work setting" and with "serious" impairment in social and occupational functioning. The ALJ listed Cain's reported activities as "care of all personal needs, care for her young son, cooking, cleaning, grocery shopping, reading, watching television and local driving."

In reviewing the record *as a whole, see Ghokassian v. Shalala,* 41 F.3d 1300, 1303 (9th Cir.1994), we conclude that the ALJ's conclusion was not supported by substantial evidence in the record. Indeed, the evidence indicated that Cain went grocery shopping once per month with assistance, "does what she can" with household chores but mostly received assistance from her husband, received rides from her husband when she needed to leave the house (she has blackouts that preclude her from driving), read very little, and received significant help from her husband in caring for her son and from her son himself who tried "to help with everything." *Cf. Rollins v. Massanari,* 261 F.3d 853, 861–62 (9th Cir.2001) (Ferguson, J., dissenting) (noting that the ALJ misconstrued the evidence about the extent of the claimant's daily activities, and in doing so, "essentially penalize[d] [the claimant] for making an effort to cope with her pain and be a mother to her sons"); *Reddick v. Chater,* 157 F.3d 715, 722–23 (9th Cir.1998) (noting that the ALJ's "paraphrasing of record material [was] not entirely accurate regarding the content or tone of the record"). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, ... and many home

activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989); *see also Reddick*, 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Smolen v. Chater*, 80 F.3d 1273, 1284 n. 7 (9th Cir.1996) (citing *Fair*). The ALJ therefore erred by concluding that Cain's "reported activities" were inconsistent with her physicians' opinions that she was disabled and unable to work.

In addition, the ALJ provided the following reason for crediting Dr. Bolter's testimony and excluding each of Cain's treating and examining physicians' opinions: "The Undersigned finds the opinions of the State agency consultants to be consistent with the objective evidence of record for the period at issue." The ALJ may not reject the opinions of Cain's treating and examining physicians without providing " 'specific and legitimate' reasons supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830. Here, the ALJ's conclusory statement about objective evidence in the record (to which he did not point) was not a "specific and legitimate" reason for crediting Dr. Bolter's testimony and discrediting the opinions of Drs. Dimitman, Grier, and Weissbein. Indeed, Drs. Dimitman, Grier, and Weissbein all opined that Cain had marked impairments in her social and occupational functioning rendering her unable to work. The ALJ failed to provide clear and convincing reasons for rejecting these conclusions. *See Benton*, 331 F.3d at 1036 (" 'Clear and convincing' reasons are required to reject the treating doctor's ultimate conclusions." (citing *Lester*, 81 F.3d at 830)).

We find it significant that the GAF score of 45 that Dr. Grier assigned to Cain was uncontroverted in the record. A GAF score of 45 means that an individual has, in relevant part, "any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders* 32 (4th ed.1994). The ALJ recognized that a GAF score of 45 "is consistent with disabling limitation," and the vocational expert testified that, with a GAF score of 45, Cain would be unable to work. The ALJ failed to provide "clear and convincing" reasons, *see Benton*, 331 F.3d at 1036; *Lester*, 81 F.3d at 830, for rejecting Dr. Grier's assessment, and we conclude that it supports a finding of disability.

## II.

"The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court." *Reddick*, 157 F.3d at 728. "Where the record is complete, however, we award benefits to the claimant." *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir.1993). We conclude that, had the ALJ properly credited the opinions of Cain's treating and examining physicians, then she would have been entitled to SSI benefits as a matter of law. *Cf. Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Ghokassian*, 41 F.3d at 1304 (awarding benefits where the ALJ "improperly discounted the opinion of the treating physician"); *Winans v. Bowen*, 853 F.2d 643, 646–47 (9th Cir.1987) (awarding benefits where the ALJ rejected the treating physician's opinion that the claimant was disabled and unable to engage in substantial gainful activity without supporting the rejection with specific reasons supported by substantial evidence in

the record). Accordingly, we reverse the judgment of the district court and remand with instructions to remand the case to the Commissioner for an award of benefits.[1]

REVERSED and REMANDED.

REED, District Judge, dissenting.

I respectfully dissent from the decision to reverse the district court's judgment and the remand for an award of disability benefits.

The opinions of Cain's treating and examining physicians were contradicted by several non-treating doctors.[1] Consequently, the ALJ could rightly reject the treating and examining physicians' opinions as long as he provided specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830–31. Substantial evidence is defined as "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.1992)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001). I conclude that the ALJ's decision met these standards.

The ALJ rejected the opinions of Drs. Dimitman and Weissbein, Cain's treating physicians, and Dr. Grier, an examining physician. Collectively, these doctors opined that Cain's mental impairments left her completely unable to work. Rather than relying on these diagnoses the ALJ credited the opinions of the psychiatric expert, Dr. Bolter, and Dr. Lizarraras, the state agency medical consultant. Both of these non-treating physicians found Cain capable of performing simple repetitive tasks in a non-public environment. In my view, the reasons offered by the ALJ for rejecting the treating and examining physicians' opinions were specific, legitimate and supported by substantial evidence.

First, the ALJ found Cain's reported daily activities, including the care of her young son, to be inconsistent with "a marked limitation in her ability to adapt to a work setting." Second, he noted that both Dr. Bolter and Dr. Lizarraras found Cain capable of performing simple repetitive tasks in a non-public environment. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir.1999) (explaining that the Ninth Circuit has consistently upheld the rejection of a treating or examining physician's opinion based, in part, on conflicting testimony from a non-examining medical advisor). Third, the ALJ pointed out that Dr. Weissbein's report conceded that Cain was not significantly limited in her ability to perform simple tasks.[2] Finally, the ALJ observed that Dr. Weissbein's assessment as a whole lacked any indication of treatment history or medical findings to support the alleged levels of limitation. *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir.1986)) ("[T]he ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support its conclusion'"); *Crane v.*

1. Due to our disposition in this case, we need not reach Cain's alternative argument that the ALJ erred by not considering the effect of her chronic obesity on her residual functional capacity.

1. As discussed below, these opinions were also partially contradicted by Dr. Weissbein, one of Cain's treating physicians.

2. Another Residual Functional Capacity Assessment dated March 30, 2000, prepared by an unknown doctor, expressed the same opinion.

*Shalala,* 76 F.3d 251, 253 (9th Cir.1996) (explaining that the ALJ could permissibly reject three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions").

Viewed individually, each of these stated reasons would be insufficient to reject the treating and examining physicians' opinions. Taken together, though, I believe they constitute specific and legitimate grounds for discrediting the opinions, and are supported by "more than a mere scintilla" of evidence. *Tackett,* 180 F.3d at 1098. The ALJ analyzed the conflicting evidence and limited Cain's residual functional capacity to simple repetitive tasks in a non-public setting. This decision was in line with the medical opinions of Drs. Bolter, Lizarraras and, to a limited extent, Dr. Weissbein. As a result, I would affirm the district court's grant of summary judgment in favor of the Commissioner, and I respectfully dissent.