**Ronald L. PALAS, Plaintiff— Appellant,**

v.

**Michael J. ASTRUE, Commissioner of the Social Security Administration,\* Defendant—Appellee.**

**No. 05–35976.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 13, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.R.Civ.P. 34(a)(2).

Robert Baron, Johnson, Cram, Harden & Wells, Eugene, OR, Kimberly K. Tucker, Esq., Portland, OR, Alan Stuart Graf, Esq., Alan Stuart Graf PC, Summertown, TN, for Plaintiff–Appellant.

Neil J. Evans, Esq., Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., Thomas Elsberry, Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, GRABER, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Ronald L. Palas appeals the district court's decision upholding the Commissioner's denial of his application for disability benefits. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

This court reviews the district court's decision *de novo*. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.2001). The decision of the administrative law judge (the "ALJ"), which is the Commissioner's final decision in this case, will be affirmed if it is supported by substantial evidence in

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the record and the ALJ applied the correct legal standards. *Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a scintilla but less than a preponderance." *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996) (citation and internal quotation marks omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir.2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund,* 253 F.3d at 1156.

■ Palas argues that the ALJ improperly rejected the medical opinions of Dr. Brickner, a treating physician, and Dr. Villanueva, an examining physician. The ALJ did not commit error in evaluating Dr. Brickner's opinion because he did not wholly reject that opinion and provided "clear and convincing reasons" to the extent he rejected any portion. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989) (reasoning that an ALJ must give "clear and convincing reasons" for rejecting a physician's opinion). The ALJ accepted Dr. Brickner's chart notes and conditionally accepted Dr. Brickner's answer "yes" to the question of whether Palas's impairment would likely interfere with his ability to sustain work. However, he accepted the opinion only to the extent that it was consistent with Dr. Brickner's own chart notes because the opinion was "nonspecific" and failed to indicate "the level or nature of the interference." The ALJ's reasons were "clear and convincing." *See id.* Moreover, if a physician's opinion is "brief and conclusionary in form with little in the way of clinical findings to support the conclusion," then the claimant must produce evidence to confirm the opinion. *Young v. Heckler,* 803 F.2d 963, 968 (9th Cir.1986) (per curiam). Palas failed to produce any such evidence, and

the ALJ was not required to accept this type of conclusory opinion. *Magallanes,* 881 F.2d at 751.

Likewise, the ALJ did not err in assessing Dr. Villanueva's opinion and concluding that Palas did not suffer from a severe mental impairment. The ALJ did not reject Dr. Villanueva's opinion. Instead, he weighed it together with Dr. Brickner's chart notes and concluded that Palas lacked a severe mental impairment. Palas had the burden of proving that he was disabled within the meaning of the Social Security Act at steps one through four of the "five-step sequential evaluation process." *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir.1999); 20 C.F.R. § 404.1520. He had to show that his mental impairment was so severe that he could not perform any of his past relevant work. 42 U.S.C. § 423(d)(2)(A). Palas did not meet this burden. Nothing in Dr. Villanueva's report or Dr. Brickner's chart notes indicates that Palas's mental impairment was severe enough to prevent him from performing his past relevant work.

■ The ALJ also did not err in finding Palas's subjective testimony about the severity of his symptoms not totally credible. The ALJ's reasons supporting his credibility determination were "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [Palas's] testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir.2002). The ALJ listed specific and permissible reasons for finding Palas's testimony not totally credible, including the fact that Palas's condition responded positively to medications and that portions of Palas's testimony regarding the severity of his symptoms were inconsistent with the medical records and his daily activities. *See Smolen,* 80 F.3d at 1284 (reasoning that an ALJ may consider inconsistency with the medical records and daily activities, as well as the claimant's

response to medications). The determination is supported by substantial evidence in the record.

In addition, the ALJ's failure to discuss lay witness statements in his decision does not support reversal because that error was harmless. *See Batson*, 359 F.3d at 1197 (holding that an ALJ's error is harmless when it "does not negate the validity of the ALJ's ultimate conclusion"). The lay witness statements were cumulative of other materials in the record and reiterated Dr. Brickner's observations in the chart notes, which the ALJ had already accepted. Additionally, much of the information in the statements was not relevant to the question of whether Palas's impairment was severe. Even if fully credited, the statements would not have, in and of themselves, allowed a reasonable ALJ to reach a "different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir.2006). Therefore, any error in failing to discuss the statements was harmless.

Finally, contrary to Palas's contention, the ALJ presented a complete hypothetical to the Vocational Expert in making the step four finding. Palas's challenges to the ALJ's hypothetical are derivative of his other objections to the ALJ's decision and fail because those objections are not persuasive.

For the foregoing reasons, the district court's decision is **AFFIRMED.**