**Jose VIEYRA, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 02–55225.

D.C. No. CV–00–06348–GHK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2003.*

Decided July 31, 2003.

Before FERGUSON, HALL, and BERZON, Circuit Judges.

MEMORANDUM **

Appellant Jose Vieyra ("Vieyra") appeals the District Court's grant of summary judgment in favor of the Social Se-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

curity Administration ("SSA"), denying Vieyra's application for Social Security Disability benefits. The District Court affirmed the Administrative Law Judge ("ALJ")'s decision, which found that Vieyra was "not entitled to a period of disability or disability insurance benefits under sections 216(i) and 223, respectively, of the Social Security Act."

We have jurisdiction pursuant to 28 U.S.C. § 1291. The parties are familiar with the facts and the procedural history of the case. Therefore, we do not repeat them here.

A district court's order upholding the Social Security Commissioner's denial of Social Security Disability benefits is reviewed de novo. *Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir.2002). "This court 'must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence.'" *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996)). The Commissioner's decision must be affirmed if it is supported by substantial evidence and if the proper legal standards were applied. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir.1989).

Substantial evidence is " 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.2001) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997)). This determination is made in consideration of the entire record, "with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion."

*Id.* If after such a review, the evidence reasonably supports either affirming or reversing, this court may not substitute its judgment for that of the Commissioner. *Id.*

In its decision denying Vieyra benefits, the ALJ rejected the opinion of one of Vieyra's treating physicians, Dr. Kim, an orthopedic surgeon who saw Vieyra regularly in late 1994 to 1995. The ALJ discounted Dr. Kim's reports,[1] which generally corroborated Vieyra's subjective complaints. However, the ALJ failed to give Dr. Kim's opinion significant weight, finding that it was based primarily on Vieyra's complaints, which were not supported by clinical or radiological findings.

"We afford greater weight to a treating physician's opinion because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Magallanes*, 881 F.2d at 751 (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987)). "[T]he ALJ need not accept a treating physician's opinion which is 'brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion.'" *Id.* (quoting *Young v. Heckler*, 803 F.2d 963, 968 (9th Cir.1986)). However, to reject a treating doctor's uncontroverted opinion the ALJ must "present clear and convincing reasons for doing so." *Id.* (citing *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989)). Even when controverted, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927"[2] and should

---

1. The Certified Administrative Record contains reports by Dr. Kim dated 12/2/94, 1/2/95, 1/18/95, 3/16/95, and 6/8/95. However, the ALJ discussed only the December 1994 and January 1995 reports, and only briefly mentioned the June 1995 report.

2. 20 C.F.R. §§ 404.1527 and 416.927 provide guidance about evaluating opinion evidence in applications for "Federal Old-age, Survivors and Disability Insurance" and "Supplemental Security Income for the Aged, Blind, and Disabled," respectively.

not necessarily be rejected. S.S.R. 96–2p (Cum. Ed.1996); *see also Edlund v. Massanari,* 253 F.3d 1152, 1157 (9th Cir.2001).

Our review of Dr. Kim's reports reveals that the ALJ improperly discounted his medical opinion. Far from basing his opinion primarily on Vieyra's subjective complaints, Dr. Kim conducted both physical and radiological examinations. Moreover, Dr. Kim's report of 6/8/95 listed both "objective factors of disability" and "subjective factors of disability." He also reviewed and analyzed records, reports, and findings of other physicians who had examined Vieyra. Dr. Kim's reports were consistent and thorough. Clearly, Dr. Kim did not rely primarily on Vieyra's subjective complaints in rendering his diagnosis. Rather, his diagnosis was informed by his examinations and treatment of Vieyra.

Although he does not so indicate, the ALJ also apparently rejected Dr. Kim's reports because they were controverted by other medical evidence.[3] Even assuming that Dr. Kim's reports were controverted,[4] treating physician opinions can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. *Edlund,* 253 F.3d at 1157. " 'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.' " *Magallanes,* 881

F.2d at 751 (quoting *Cotton v. Bowen,* 799 F.2d 1403, 1408 (9th Cir.1986)).

The reasons that the ALJ gave for rejecting Dr. Kim's opinion are not supported by substantial evidence. Although the ALJ found that "[i]t is evident ... that Dr. Kim's opinion is based primarily on the claimant's complaints," the record is otherwise. As noted above, Dr. Kim physically examined Vieyra and reviewed radiological findings and other medical records which formed the basis of his diagnosis. Moreover, the ALJ did not review all of Dr. Kim's reports, nor did he specify which of Dr. Kim's findings were controverted or not supported by clinical or radiological findings. While it is within the ALJ's province to reject a treating physician's opinion, he cannot do so merely with conclusory statements and instead must provide "specific and legitimate" reasons. *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir.1995) (citation omitted).

In light of the above, we reverse the District Court's grant of summary judgment in favor of the Social Security Administration and remand the case for reconsideration of Vieyra's claims consistent with this decision.

REVERSED AND REMANDED.

CYNTHIA HOLCOMB HALL, Circuit Judge, dissenting.

The ALJ also gave significant weight to the opinion of Dr. Cunningham, an orthopedic surgeon who examined Vieyra once in June 1997, who reported that Vieyra exhibited symptom magnification.

---

3. The ALJ notes that while Dr. Matos, an orthopedic surgeon who evaluated Vieyra once in February 1995, finds evidence of lumbar spasm and decreased range of motion, Dr. Matos indicated that Vieyra's clinical symptoms do not correlate well with the MRI taken on August 12, 1994. However, the ALJ failed to mention that Dr. Matos offers a possible explanation for this discrepancy: the x-rays were old (dated 4/4/93) and Vieyra had suffered another injury since the MRI was taken.

4. None of the other doctors that the ALJ relied on in denying Vieyra benefits regularly treated Vieyra. Rather, each performed one-time consultative evaluations, or reviewed medical records and evaluated Vieyra's testimony.

I respectfully dissent.

"An ALJ is not compelled under the treating physician rule to simply discard the contrary opinions of other examining physicians." *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir.2001). Where, as here, the opinion of a claimant's treating physician is controverted by other expert opinions, the ALJ may reject the treating physician's opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* at 1157. The opinion of a treating physician may be properly discredited under the "specific and legitimate reason" standard if (1) the claimant's subjective complaints are properly discredited, and (2) the treating physician's opinion was premised on the claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir.1989); *see also Edlund*, 253 F.3d at 1158 (holding that a "lack of supporting clinical or laboratory findings" constitutes a specific and legitimate reason for discrediting a treating physician's opinion). The ALJ's analysis meets the two-part test set forth in *Fair*.

We give substantial deference to an ALJ's credibility determination if it is supported by specific, non-arbitrary findings. *Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir.2001). Here, several experts opined that Vieyra exhibited classic signs of symptom magnification. The ALJ, moreover, had the opportunity to observe Vieyra at the hearing, and found that his appearance and demeanor were inconsistent with the extent of incapacitation alleged. These specific and non-arbitrary findings support the ALJ's credibility determination.

Contrary to the majority's view, substantial evidence supported the ALJ's finding that Dr. Kim's opinion was primarily based on these properly discredited subjective complaints. As the majority opinion observes, Dr. Kim conducted both radiological examinations and objective physical tests of Vieyra. Dr. Kim's x-ray examination, however, revealed "normal" spinal conditions, and Dr. Kim's physical examinations revealed "normal" forward flexion, extension, lateral bending, and rotation capabilities. It is difficult to see how these findings could have substantially influenced Dr. Kim's opinion that Vieyra was disabled. Rather, Dr. Kim's opinion appears to have been based in large part on Vieyra's own subjective complaints. The ALJ's determination that Dr. Kim's opinion was premised on Vieyra's subjective complaints was therefore supported by substantial evidence.

As the majority recognizes, "it is within the ALJ's province to reject a treating physician's opinion" if the ALJ gives specific and legitimate reasons for doing so. For the reasons discussed above, I believe that the ALJ met this burden, and would affirm the judgment of the district court.