Helen M. BROWN, SSN 526–26–0154,
Plaintiff-Appellant,

v.

Margaret O. HECKLER,* Secretary of
Health & Human Services,
Defendant-Appellee.

No. 82–5724.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1983.

Decided July 11, 1983.

Peter J. Cahill, Cahill & Ham, Globe, Ariz., for plaintiff-appellant.

Dennis J. Mulshine, Asst. Regional Atty., U.S. Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before GOODWIN and HUG, Circuit Judges, and SOLOMON,** District Judge.

PER CURIAM:

Helen Brown appeals the Secretary's decision to terminate her Supplemental Security Income ("SSI") benefits. We conclude

---

* Secretary Margaret O. Heckler is substituted for her predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

** The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

that the determination was not based on a full and fair development of the facts, and remand the case for an appropriate hearing.

Brown was first awarded SSI benefits as of November 1, 1975. The original disability determination was based on a combination of conditions, including leg and back injuries, alcoholism, and an emotional impairment described as psychoneurosis. The ALJ who granted Brown benefits also relied on the opinion of a vocational expert that Brown was unemployable.

In 1979, the Secretary requested re-examination of Brown by her treating physician, Dr. Bosse. The examination revealed improvement in Brown's back condition, leading the physician to conclude she was capable of light housework. The Secretary terminated Brown's benefits on the basis of Dr. Bosse's opinion.

Brown requested a hearing and contended the Secretary's decision was too narrow in that it addressed only one component of her disability. The ALJ agreed and ordered a second psychological evaluation. The psychologist, Dr. Teed, determined that Brown suffered from anxiety neurosis, but that she had the ability to learn and perform basic skills with non-critical, ongoing supervision. The ALJ read Dr. Teed's report as indicating Brown had the mental and emotional capacity to work and ordered her benefits terminated.

Brown sought district court review. The court noted the ALJ had not considered the effect of Brown's alcoholism on her disability, and remanded for fuller consideration of Brown's claims. On remand, the ALJ scheduled no hearing, but instead sent Brown interrogatories regarding her use of alcohol. When Brown denied frequent use or abuse of alcohol, the ALJ concluded "she is not addicted to the substance, nor has she ever been." Benefits were again denied.

The Secretary moved for summary judgment in the district court action. Brown, who had substituted counsel, sought another remand in order to present additional exhibits. These included the opinion of a vocational expert that Brown remained unemployable and a state police report charging Brown with driving under the influence of alcohol. The court denied the remand request and granted the Secretary summary judgment.

When the Secretary has decided to terminate benefits, the burden of establishing a continuing disability lies with the claimant. *Gonzalez v. Harris,* 631 F.2d 143, 145 (9th Cir.1980). However, the earlier finding of disability gives rise to a presumption that the condition still exists. *Patti v. Schweiker,* 669 F.2d 582, 586 (9th Cir.1982). The presumption imposes on the Secretary the burden of coming forward with evidence that the claimant's condition has changed. *Id.* at 587.

The procedure adopted by the ALJ in this case denied Brown the benefit of that presumption. At the original hearing it was clearly established that Brown's disability was due in part to chronic alcohol abuse. This was based on several opinions of Dr. Bosse, on the observations of the first psychologist, Dr. Jalowsky, and on the report of an internist who examined Brown at the Secretary's request. The medical evidence at the time of the 1979 hearing indicated continuing alcohol abuse. Dr. Bosse diagnosed "chronic alcoholism." Dr. Teed acknowledged a "pattern of alcohol abuse" and noted that the "potential (or existence) of substance abuse is indicated." We agree with the district court that this evidence failed to satisfy the Secretary's burden of demonstrating a change in Brown's condition.

The evidentiary insufficiency was not solved by the interrogatories propounded to Brown. Brown was asked to describe her present and past use of alcohol. She indicated that since 1979 she had consumed alcohol only one time, and that from 1969 to 1979 she consumed "only a half dozen drinks." She acknowledged she had been arrested "several times" for alcohol-related offenses and had received counseling at Alcoholics Anonymous. She denied any present use of alcohol.

The Fifth Circuit has recognized that because of an alcoholic's tendency to deny or

rationalize his abuse, "a finding that an individual is not disabled by alcoholism cannot rest solely upon the testimony of the individual himself." *Ferguson v. Schweiker,* 641 F.2d 243, 249 (5th Cir.1981). The psychological evaluations of Brown lead us to question her denials. Both psychologists observed that Brown lacked self-insight, avoided criticism, and manifested "artificial moralism," all of which would cause her to deny chronic alcohol abuse. Her insistance that she consumed little alcohol from 1969 to 1979 is inconsistent with the medical evidence and with her own admission of alcohol-related arrests. Her responses thus do not constitute substantial evidence to support the Secretary's decision.

In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. *Thompson v. Schweiker,* 665 F.2d 936, 941 (9th Cir.1982). This duty exists even when the claimant is represented by counsel. *See Driggins v. Harris,* 657 F.2d 187, 188 (8th Cir.1981). In proceeding without a hearing, the ALJ failed to assume this duty. The use of interrogatories relieved the Secretary of the burden of coming forward with medical evidence that Brown's alcohol use had changed. It denied the ALJ the opportunity to make credibility judgments regarding Brown's testimony. It also prevented consideration of the combined effects of alcohol abuse and Brown's emotional impairment. We therefore conclude that a hearing was necessary in this case, and remand for that purpose.

Brown also claims the district court erred in its consideration of the newly acquired evidence. Because Brown will have the opportunity to present this evidence at the hearing on remand, we need not consider if submission of the new evidence alone would have justified remand.

The judgment is REVERSED and REMANDED.