Sadie MILLER, Plaintiff–Appellant,

v.

William A. HALTER,[1] Commissioner of Social Security, Defendant–Appellee.

No. 99–55955.

D.C. No. CV–97–03426–AN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided April 6, 2001.

---

1. William A. Halter is substituted for his pre-

decessor, Kenneth S. Apfel, as Commissioner

Before BEEZER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM **

Sadie Miller appeals the judgment affirming the Commissioner of Social Security's ("Commissioner") denial of disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401–33. Miller argues that (1) the Administrative Law Judge ("ALJ") improperly concluded that Miller is able to perform her past relevant work; and (2) the reasons given by the ALJ for discrediting her subjective pain testimony are not supported by substantial evidence. We review a grant of summary judgment de novo. *Smolen v. Chater,* 80 F.3d 1273, 1279 (9th Cir.1996). We have jurisdiction, 28 U.S.C. § 1291, and we reverse and remand.

■ The ALJ improperly determined that Miller has the residual functional capacity to perform her past relevant work. The ALJ's conclusion that he "hardly see[s] the need for [CPR] in an institutional setting when aides, licensed vocational nurses, and technicians are all required to be certified in it and when respirators and insufflators are readily available" is speculation unsupported by substantial evidence. The record reflects that the health care industry customarily requires registered

of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nurses to maintain CPR certification throughout their employment. The vocational expert testified that CPR certification is a fundamental requirement, without which Miller could not work as a registered nurse unless she were employed in an instructional or supervisory position.

The ALJ's finding that even if Miller's past relevant work requires CPR certification, there was "no reason the claimant could not accomplish such a maneuver if necessary" lacks evidentiary support. The ALJ provided no specific reasons for this conclusion. Although common sense dictates that Miller's undisputed pulmonary impairments and her inability to kneel or crawl would preclude her from performing CPR, testimony regarding requirements for CPR certification and Miller's capabilities was not fully developed at the hearing.

Given the record before us, we cannot say that the ALJ's finding that Miller can perform her past relevant work is supported by substantial evidence. "In Social Security cases, the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered," even when the claimant is represented by counsel. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983); *accord Smolen*, 80 F.3d at 1288. The ALJ had a duty to flesh out the CPR certification issue and easily could have done so on the record.

We reverse and remand with instructions to further remand to the ALJ for proceedings consistent with this decision. The ALJ should reevaluate Miller's credibility in light of any new testimony elicited on remand and in combination with Miller's prior subjective pain testimony.

We decline to direct an award of benefits because there are outstanding issues that must be resolved before a determination of disability can be made. *See Smolen*, 80 F.3d at 1292; *accord Harman v. Apfel*, 211 F.3d 1172, 1178–79 (9th Cir. 2000).

REVERSED AND REMANDED WITH INSTRUCTIONS.