Victor SANTOS, Plaintiff–Appellant,

v.

Larry G. MASSANARI, Acting Commissioner of the Social Security Administration,* Defendant–Appellee.

No. 99–56681.
D.C. No. CV–99–02457–CT.

United States Court of Appeals,
Ninth Circuit.

Submitted March 7, 2001 **.

Decided May 1, 2001.

Before KOZINSKI and TALLMAN, Circuit Judges, and FOGEL, District Judge.***

MEMORANDUM ****

1. While Santos alleges that he was prejudiced by a lack of legal representation, he points to no specific facts, arguments or evidence an attorney would have developed that could have changed the outcome of the proceedings. He has therefore failed to demonstrate prejudice, and any error that resulted from Justiana's waiver of Santos's right to counsel was harmless. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985).

2. The ALJ fully and fairly developed the record by eliciting facts about Santos's condition and daily activities, obtaining vocational expert testimony and obtaining

---

* Larry G. Massanari is substituted for his predecessor, Kenneth Apfel, as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

*** The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

treatment notes and reports from several doctors who had treated Santos, including at least one in the Philippines. *Cf. Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983).

3. Because Santos did not challenge the limitation presumed by the ALJ's hypothetical to the vocational expert before the district court, we decline to consider it on appeal. *See Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992).

■ 4. The ALJ's reasons for discounting Dr. Palisoc's 1997 assessment are clear and convincing. The ALJ noted the assessment was inconsistent both with Palisoc's own clinical observations and Santos's testimony, and that Palisoc failed to provide a reason for this inconsistency or to otherwise substantiate the symptoms she attributed to Santos. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir.1995).

AFFIRMED.