### Carol L. PICKETT, Plaintiff—Appellant,

v.

### COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, being sued as Jo Anne B. Barnhart, Defendant—Appellee.

### No. 03–35443.
### D.C. No. CV–02–06224–FR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2004.

Decided Dec. 1, 2004.

Drew L. Johnson, Drew L. Johnson, PC, Eugene, OR, for Plaintiff–Appellant.

Kathryn Tassinari, Drew L. Johnson, P.C., Eugene, OR, Craig J. Casey, USPO-Office of the U.S. Attorney, Portland, OR, Leisa A. Wolf, SSA-Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

2. *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

* Hon. Louis H. Pollak, Senior U.S. District Judge for the Eastern District of Pennsylvania, sitting by designation.

Before LEAVY, TROTT, Circuit Judges, and POLLAK,* Senior District Judge.

### MEMORANDUM**

Carol Pickett appealed the administrative law judge's ("ALJ") decision to deny Pickett's request for disability benefits under Title II of the Social Security Act in the United States District Court for the District of Oregon. The district court affirmed the decision. We also affirm.

Pickett argues that the ALJ improperly rejected her treating physician's opinion and the lay opinion of her past employer. She also argues that the ALJ failed to develop the record concerning her physical disability claim. The ALJ articulated clear and convincing reasons for rejecting Pickett's treating physician's opinion and the lay opinion of her past employer. *See Morgan v. Apfel*, 169 F.3d 595, 600 (9th Cir.1999) (finding clear and convincing reasons when the ALJ pointed to specific evidence in the record); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996) (explaining that the ALJ can reject the testimony of lay witnesses only if he gives reasons germane to each witness whose testimony he rejects). The reasons are based on substantial evidence in the record, and the process was free of legal error. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983) ("In Social Security cases the ALJ has a special duty to fully and fairly

develop the record and to assure that the claimant's interests are considered.").

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.