**Angela Faith STRUCK, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendants–Appellees.**

No. 06–35637.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Sept. 6, 2007.

---

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Paul B. Eaglin, Esq., Eaglin Law Office, Fairbanks, AK, for Plaintiff-Appellant.

Joanne E. Dantonio, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendants–Appellees.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Angela Faith Struck appeals the district court's judgment affirming an Administra-

** This disposition is not appropriate for publi-

cation and is not precedent except as provid-

tive Law Judge's ("ALJ") decision denying her application for supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review de novo a district court's order upholding the denial of benefits, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir.1998). We may set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir.2006). .

■ Struck first argues that the ALJ violated her due process rights by failing to attend a supplemental hearing, which was instead presided over by a different ALJ. This argument is without merit. None of the HALLEX[1] provisions on which Struck relies are applicable under the circumstances. Nor did the ALJ make any findings in his decision that might have been affected by his nonattendance at the supplemental hearing.

■ Struck also argues that the ALJ failed to fulfill his duty to fully and fairly develop the record, because he did not request needed hospital records. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). We agree. The ALJ had a heightened duty to develop the record because Struck was unrepresented at both hearings and suffered from a severe mental impairment. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001) ("When the claimant is unrepresented, . . . the ALJ must be especially diligent in exploring for all the rele-

vant facts."); *id.* ("The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests."). Also, both the ALJ and the medical expert who testified at the ALJ's request concluded that inpatient treatment records from two recent hospitalizations of Struck were important to assessing her claim. *See id.* ("[T]he ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry."). Because the evidence does not establish that the ALJ requested these records, the ALJ failed to fulfill his duty to fully and fairly develop the record.

■ Contrary to the Commissioner's argument, we cannot conclude that this error was harmless. The medical expert who testified at the ALJ's request, and upon whom the ALJ relied in determining Struck's residual functional capacity, testified that: (1) "[i]t would certainly be of assistance if we had the records of the inpatient treatment"; (2) she did not "know if it [was] possible to offer an opinion . . . in the absence of those records"; and (3) she was assessing Struck's functional capacity on the basis of "the information we have, which is limited." *See id.* at 1150–51 ("The ALJ clearly relied heavily on Dr. Walter's testimony. . . . Given this reliance, the ALJ was not free to ignore Dr. Walter's equivocations and his concern over the lack of a complete record upon which to assess Tonapetyan's mental impairment. . . . That he did so constitutes reversible error.").

Lastly, because we remand for the Commissioner to acquire the hospital records, we do not address Struck's argument that

---

ed by Ninth Cir. R. 36–3.

1. HALLEX is the Hearings, Appeals and Litigation Law Manual promulgated by the Social Security Administration's Office of

Disability Adjudication and Review. It is available at http://www.ssa.gov/OP_Home/hallex/hallex.html.

the ALJ erred in finding her and lay witness Robert Boles not credible witnesses. We review credibility findings in light of the record as whole, which in the instant case should properly include the hospital records.

**REVERSED** and **REMANDED** with instructions to remand to the Commissioner for further administrative proceedings and development of the record consistent with this disposition.