Kathleen WOOLSEY–CRANDALL,
Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner
Social Security Administration,
Defendant–Appellee.

No. 05–35927.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

Filed Dec. 7, 2007.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Kimberly K. Tucker, Esq., Alan Stuart Graf PC, Portland, OR, Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

Richard A. Morris, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: FISHER, BERZON, Circuit Judges, and BARZILAY, Judge.**

## MEMORANDUM ***

Kathleen Woolsey–Crandall ("Woolsey–Crandall") appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of disability insurance benefits and supplemental security income. We reverse and remand for further proceedings.

The ALJ concluded that Woolsey–Crandall was not disabled, and was capable of returning to past relevant work as a day care worker and teacher's aide. In reaching this conclusion the ALJ found Woolsey–Crandall "not entirely credible," and rejected the medical opinion of examining physician Dr. Joseph Diehl for its alleged inconsistencies. In a credibility determination the ALJ must provide "specific, cogent reasons for the disbelief," and "cit[e] the reasons why the [claimant's] testimony is unpersuasive." *Orn v. Astrue,* 495 F.3d 625, 635 (9th Cir.2007) (quotations and citation omitted). In addition, the ALJ has a "special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996) (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983)).

■ Although the ALJ cited Woolsey–Crandall's "minimal" treatment record and daily activities as reasons for discrediting her testimony, these reasons are unconvincing. *See Orn,* 495 F.3d at 636–37; *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir.1989). The record shows no evidence that Woolsey–Crandall failed to fully comply with all physician-recommended therapies. Rather, there is sufficient evidence of Woolsey–Crandall's efforts to address her conditions. For instance, Woolsey–Crandall was taking medication for pain, depression, and bone density between February 2001 and January 2004 and at the time of the hearing. Furthermore, Woolsey–Crandall complained of pain to her physician on at least two occasions, and was prescribed the arthritis pain medication Celebrex in conjunction with other medication therapies.

Furthermore, daily activities may discredit a claimant only where they constitute a "substantial part" of her day and

---

** Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

are transferable to a work setting, and the mere performance of certain daily activities "does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter,* 260 F.3d 1044, 1049–50 (9th Cir.2001). Here, there is little evidence in the record addressing the net amount of time the claimant spends in her daily activities, and no evidence regarding the transferability of these activities to a work environment.

■ Accordingly, we conclude that the ALJ failed to provide specific and cogent reasons for rejecting Woolsey–Crandall's testimony. We therefore credit Woolsey–Crandall's testimony as true insofar as it established that she can no longer perform her past relevant work. *See Lester v. Chater,* 81 F.3d 821, 834 (9th Cir.1995). It is not clear to us, however, whether Woolsey–Crandall could perform other work in the national economy. On remand, the ALJ should develop the record on this point, which comes at step five of the Social Security benefits inquiry. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In so doing, and in considering the credibility of Woolsey–Crandall's testimony on this point only, the ALJ should address the following issues: (a) whether Woolsey–Crandall should have sought treatment other than her prescribed pain medication that might allow her to work other jobs; (b) whether her activities consume a substantial part of her day; and, (c) whether any of her activities are transferable to a work setting.

■ The ALJ also erred in rejecting the medical opinion of Dr. Diehl, an examining physician. In rejecting "the opinion of an examining doctor, even if contradicted by another doctor," the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Widmark v. Barnhart,* 454 F.3d 1063, 1066 (9th Cir.2006) (quoting *Lester,* 81 F.3d at 830–31). The ALJ summarily relied on the opinion of a non-examining physician, rather than upon Dr. Diehl's views, and gave sparse reasoning for doing so. Consequently, we conclude that the ALJ improperly dismissed the medical opinion of Dr. Diehl, and did not afford sufficient weight to Woolsey–Crandall's physical limitations, as Dr. Diehl described them. Accordingly, Dr. Diehl's views in the record should be credited as a matter of law on remand. *See id.* at 1069 (crediting an examining physician's improperly rejected views).

■ Although not discussed in either the ALJ or Magistrate Judge opinions, the issue of claimant's age must also be taken into account on remand. At step five, the ALJ must take into consideration Woolsey–Crandall's new status as an "individual of advanced age" (over 55), which merits application of a more lenient medical-vocational guideline. *See* 20 C.F.R. pt. 220, app. 2, § 202.00(c). Under the guideline for individuals of advanced age, if the ALJ finds Woolsey–Crandall unable to perform vocationally relevant past work, and also finds that her skills are "not readily transferable to a significant range of semi-skilled or skilled work that is within [her] functional capacity, ... [then] the limitations in vocational adaptability represented by functional restriction to light work warrant a finding of disabled." *Id.*

We reverse and remand with instructions to remand to the Commissioner to provide the ALJ with an opportunity to develop the record and reevaluate Woolsey–Crandall's application for benefits at step five, taking into account Woolsey–Crandall's credited testimony, Dr. Diehl's opinion, and Woolsey–Crandall's status as an individual of advanced age.

**REVERSED AND REMANDED.**