Sherry A. HAYES, Plaintiff–Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security, Defendant–Appellee.

No. 06–15839.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2008.**

Filed March 12, 2008.

---

\* Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart; as Commissioner of Social Security, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jean M. Turk, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: HAWKINS and D. NELSON, Circuit Judges, and TIMLIN \*\*\*, Senior Judge.

## MEMORANDUM \*\*\*\*

Sherry A. Hayes ("Hayes") appeals the district court's order and judgment affirming an Administrative Law Judge's ("ALJ") decision denying her application for disability insurance benefits and Supplemental Security Income ("SSI") payments under Titles II and XVI of the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the district court's order and judgment, and remand for the reasons stated below.

We review de novo a district court's judgment affirming the Commissioner's denial of benefits. *See Schneider v. Comm'r of Social Sec. Admin.*, 223 F.3d 968, 973 (9th Cir.2000). We may set aside a denial of benefits "only if it is not supported by substantial evidence or is based on legal error." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) (internal quotation marks omitted).

The ALJ in his decision found that Hayes had three severe impairments which prevented her from performing some basic work-related activities: left lateral epicondylitis, left shoulder strain and personality disorder. However, the ALJ also found that Hayes retained residual functional capacity to perform her past relevant work as a cannery worker and therefore was not "disabled," *see* 20 C.F.R. §§ 404.1520(f) and 416.920(f), and did not qualify for benefits.

■ First, Hayes challenges the sufficiency of the evidence supporting the ALJ's findings with respect to her mental impairment. She contends that the ALJ erred in not specifically stating the reasons for rejecting the opinion of a state agency reviewing physician that Hayes had an affective disorder, as well as the personality disorder recognized by the ALJ as a severe impairment. However, as Hayes concedes in her opening brief, the ALJ's assessment of the limitations she faced based on her mental condition was consistent with the reviewing physician's evaluation of the severity of Hayes' mental impairments. Therefore, because the limitations suggested by the reviewing physician were not rejected but instead were implicitly adopted by the ALJ, no error occurred. *See Stout v. Comm'r of Social Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir.2006) (harmless error occurs where alleged mistake is nonprejudicial to claimant). The ALJ's findings concerning Hayes' mental impairment and resulting limitations were supported by substantial evidence.

■ Second, Hayes also challenges the ALJ's findings concerning her physical impairments. She contends that the ALJ failed to fulfill his duty to fully and fairly develop the record, when he did not contact her treating physician for the results of a nerve conduction study which found electrophysiologic evidence of left carpal

---

\*\*\* The Honorable Robert J. Timlin, United States District Judge for the Central District of California, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tunnel syndrome. Hayes testified at the hearing regarding her application for benefits that she had numbness in her left arm from her fingertips to her elbow and that the numbness prevented her from lifting, carrying, or grasping objects with her left hand for extended periods of time. At the conclusion of the hearing, the ALJ left the record open so that an orthopedic examination and assessment of Hayes could be completed.

Shortly thereafter, on her own initiative, Hayes underwent a nerve conduction study to determine whether she had carpal tunnel syndrome. During a physical examination conducted at the time of the nerve conduction study, Hayes tested positive for an indicator of carpal tunnel syndrome. The nerve conduction study itself was "remarkable for delayed median sensory conduction across the left wrist," and the "median motor responses [are] at the upper limit of normal." The study results were characterized as "abnormal," with "evidence of left carpal tunnel syndrome" and "[a]bnormalities ... of a mild to moderate degree." Finally, the study recommended the results be correlated with other diagnostic test results, history, and a physical exam, and also that a wrist orthosis be considered as an initial conservative management of the condition.

A few weeks later, Hayes underwent a comprehensive orthopedic evaluation by Dr. Steve McIntire, the examining physician for the Social Security Administration. Although Hayes informed Dr. McIntire that she had recently had a nerve conduction study, Dr. McIntire did not have the study results to review and did not include them in his report. However, he did physically examine her for carpal tunnel syndrome, with negative results.

Although the ALJ stated in his decision that he had "considered all medical opinions, which are statements from acceptable medical sources, which reflect judgments about the nature and severity of the impairments and resulting limitations," he failed to mention the existence of the nerve conduction study and its results or to explain why its results did not alter his determination that Hayes was not disabled. Instead, the ALJ relied heavily on Dr. McIntire's evaluation, which itself did not include a review and analysis of the nerve conduction study results.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983) (per curiam). This duty exists even when the claimant is represented by counsel. *Id.* Here, it was error for the ALJ to fail to consider the nerve conduction study results, as they were available and could have been produced to the ALJ upon request, and the examining physician was aware of their existence. *See* 20 C.F.R. § 404.1512(d); 20 C.F.R. 404.1527(c); *see also Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996).

 This error was not harmless, as it may have impacted the ALJ's determination, among other issues, of the credibility of Hayes' testimony concerning the numbness and pain in her left arm. The ALJ's finding that her testimony was not credible may very well have changed in light of corroborating medical evidence from a treating physician. Further, the ALJ relied heavily on Dr. McIntire's evaluation. However, that evaluation specifically noted that Dr. McIntire did not have the results of the nerve conduction study to consider and therefore did not take the study's results into account. If Dr. McIntire had considered the nerve conduction study, his evaluation may have reached a different conclusion. Given the ALJ's substantial reliance on that evaluation, the omission of the nerve conduction study both from that

evaluation and from the ALJ's own independent consideration of the evidence constituted legal error.

Lastly, because we remand for the Commissioner to have the examining physician review the nerve conduction study and its results and take it into account when arriving at his orthopedic assessment of Hayes, and for the Commissioner also to consider the nerve conduction study results and the examining physician's evaluation of such, we do not address Hayes' remaining arguments concerning, *inter alia,* the ALJ's determination of her credibility or residual functional capacity.[1] These findings should be reviewed in light of the record as a whole, which in the instant case should properly include the nerve conduction study results.

REVERSED AND REMANDED to the district court with instructions to remand to the Commissioner for further administrative proceedings and development of the record consistent with the analysis in this memorandum.

---

1. However, we do reject Hayes' contention that the ALJ improperly relied on the description of the job of a cannery worker found in the Dictionary of Occupational Titles (DOT) Section 529.686–014 for determining her past relevant work. In fact, the law instructs the opposite: in determining whether appropriate jobs exist for a claimant, an ALJ generally should refer to the DOT and may only rely on expert testimony that contradicts the DOT "insofar as the record contains persuasive evidence to support the deviation." *Light v. Social Security Admin.,* 119 F.3d 789, 793 (9th Cir.1997) (internal quotation marks omitted). "We have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed." *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir.2001). Here, the ALJ's decision to rely on the DOT was appropriate.