Diane M. WALLS, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner of Social Security Administration, Defendant–Appellee.

No. 06–56815.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2008.**

Filed June 12, 2008.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Sharla Cerra, USLA–Office of the U.S. Attorney, Los Angeles, CA, Peter K. Thompson, SSA–Social Security Administration, Office of the General Counsel, San Francisco, CA, Defendant–Appellee.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

## MEMORANDUM ***

Plaintiff–Appellant Diane M. Walls appeals the district court's ruling affirming the ALJ's determination that she is not entitled to disability benefits. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision affirming the ALJ de novo, and we will uphold a denial of benefits if the ALJ "applied the correct legal standards and substantial evidence supports the decision." *See Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir.2006) (citation omitted).

Before the ALJ, Walls bore the burden of proving "that she was either permanently disabled or subject to a condition which became so severe as to disable her prior to the date upon which her disability insured status expire[d]," September 30, 1981.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995) (citations omitted). Walls was also required to show that her disability "existed continuously since some time on or before" September 30, 1981 until she filed for disability benefits in April of 1999, *Flaten v. Sec'y of Health & Human Servs.,* 44 F.3d 1453, 1458 (9th Cir.1995), or within the twelve months before filing, *see* 20 C.F.R. §§ 404.320(b)(3), 404.621(d).

■ Walls argues that the ALJ erred in concluding that her impairments did not, either singly or in combination,[1] equal a "listed impairment" so as to merit a finding that she was disabled as of her date last insured. *See id.* § 404.1520(a)(4)(iii). The ALJ was correct that Walls did not establish that she met Listing 12.04 for an Affective Disorder as of her date last insured. Psychiatric evaluations conducted in recent years did not establish Walls's mental health as of her date last insured and letters from friends and family that describe Walls's depression are not sufficient to document that she met "*all* of the specified medical criteria" in the listing as of her date last insured. *Sullivan v. Zebley,* 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990); *see* 20 C.F.R. § 404.1525(d). The fact that Walls attempted suicide more than once in the 1960's and has been taking antidepressants since 1967 also does not establish that her impairment equaled a listed impairment as of her date last insured.

■ The ALJ was also correct in concluding that Walls did not establish that she met Listing 2.07 or Listing 2.08A, both of which address hearing impairments, as of her date last insured. No evidence in the record conclusively establishes Walls's hearing abilities as of her date last insured. The only evidence documenting Walls's hearing abilities prior to her date last insured, a 1966 audiogram, does not establish that Walls met either listing at that time. Dr. Line's statement in 1999 that it was a reasonable medical probability that Walls's hearing impairments existed prior to September 30, 1981 also does not establish that Walls met "*all* of the specified medical criteria" in the listing at that time. *See Zebley,* 493 U.S. at 530, 110 S.Ct. 885.

■ Walls further contends that the ALJ violated her duty to develop the record by not following the Appeals Council's instructions to call a psychiatrist to testify about Walls's mental impairment prior to the date last insured, and by not obtaining evidence from an otolaryngologist about the nature and severity of Walls's hearing impairment prior to the date last insured. Walls is correct that the ALJ has a " 'special duty to fully and fairly develop the record' " in a social security case, even when a claimant is represented by counsel. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir.1996) (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983)). To the extent the ALJ failed to do so in this case, we conclude that the error was harmless. *See Stout,* 454 F.3d at 1054.

Testimony from an otolaryngologist at the time of the 2002 hearing would not have added to the evaluation of Dr. Line, who actually examined Walls, given that the record did not contain any evaluations or tests regarding Walls's hearing as of the date last insured. Moreover, without some record evidence about Walls's mental impairment as of the date last insured, testimony from a treating source would not have enabled the ALJ to determine whether Walls met the specific require-

---

1. Walls does not develop any arguments on what listed impairment her impairments meet

in combination.

ments of Listing 12.04 as of her date last insured.

 Finally, the ALJ's conclusion that Walls reads lips was supported by substantial evidence. Numerous documents in the record state that Walls reads lips. And we are not persuaded that the ALJ failed to properly evaluate the letters from Walls's family and friends. Walls is correct that the ALJ must take into account lay witness testimony as to a claimant's symptoms unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir.2001) (citation omitted). Here, the ALJ described in detail the information contained in the letters, and the ALJ specifically stated that she was not altogether disavowing the letters. As the ALJ noted, however, the letters were vague and not helpful in assessing onset.

For these reasons, we conclude that the ALJ's decision was supported by substantial evidence and we AFFIRM the district court.