**Winona S. HUNT, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.**

No. 06–17200.

United States Court of Appeals, Ninth Circuit.

Submitted July 18, 2008 *.

Filed Oct. 1, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

John V. Johnson, Esquire, Chico, CA, for Plaintiff–Appellant.

Nancy M. Lisewski, Esq., SSA—Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: FARRIS, SILER,** and BEA, Circuit Judges.

### MEMORANDUM ***

In 1993, Winona Hunt injured her back; an administrative law judge ("ALJ") found her disabled and granted Supplemental Social Security Income ("SSI") benefits. After a continuing review in 2002, the ALJ terminated Hunt's SSI benefits. The ALJ determined that Hunt no longer met the criteria of Medical Listing 1.05C, her complaints of pain lacked credibility, she had the residual functional capacity to work, and she was not disabled as of June 2002.

The district court affirmed the ALJ's decision, finding that it was supported by substantial evidence. We affirm.

We review a district court's decision affirming an ALJ's decision de novo. *Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir.2003). We will set aside the ALJ's denial of SSI benefits "only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record." *Id.*

The evidence in Hunt's medical record provides ample support for the ALJ's decision. *See* 20 C.F.R. § 416.994. First, Hunt did not consult a physician for her back pain from 1996 to 2002. Second, once Hunt sought medical treatment for her back pain in 2002 and thereafter, that treatment was far less frequent and extensive than her treatment prior to the 1996 SSI benefit award. The ALJ made specific findings supporting his determination that Hunt's pain testimony lacked credibility, and those findings were adequately supported by Hunt's evaluating physicians. *See Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir.1991). The ALJ noted that Hunt had not visited a doctor for back pain from 1996 to 2002 and that several doctors found her claims of severe pain were not credible.

Hunt argues that there was insufficient evidence in her medical record to support the ALJ's finding that Hunt had the residual functional capacity ("RFC") to perform working tasks. Given Hunt's lack of credibility, and the medical evidence that contradicts her assessments of her own ability, substantial evidence supports the ALJ's determination of Hunt's RFC. *See* 20 C.F.R. §§ 416.945(a)(3), 416.946(c).

Finally, Hunt, who appeared pro se, contends that the ALJ erred in failing *sua*

---

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*sponte* to consider the limiting effects of her obesity. Hunt suffered from only moderate obesity and there are no indications in the record that her obesity contributed to her back pain. Given the lack of evidence connecting Hunt's obesity to any physical limitations and her own failure to allege that her obesity negatively affected her in any way, the ALJ did not err in failing to examine Hunt's obesity beyond an assessment of whether it contributed to her lower back pain. *See Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir.1983).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not except as provided by 9th Cir. R. 36–3.