**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NEIL WILLIAMS,

            Plaintiff - Appellant,

  v.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

            Defendant - Appellee.

No. 11-35450

D.C. No. 3:09-cv-01278-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 13, 2012
Portland, Oregon

Before: B. FLETCHER and PREGERSON, Circuit Judges, and MARSHALL,
Senior District Judge.[**]

    Plaintiff-Appellant Neil Williams ("Williams") appeals the district court's

judgment upholding the Social Security Administration's denial of Williams'

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Consuelo B. Marshall, Senior District Judge for the
U.S. District Court for Central California, sitting by designation.

application for social security disability benefits. This court has jurisdiction

pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's judgment upholding the

Commissioner's denial of social security benefits. *See Vernoff v. Astrue*, 568 F.3d

1102, 1105 (9th Cir. 2009)*; Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005). We must "independently determine whether the Commissioner's decision

(1) is free of legal error and (2) is supported by substantial evidence." *Smolen v.*

*Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). We will affirm the district court's

order if the Commissioner's decision was supported by "substantial evidence and a

correct application of the applicable law." *Valentine v. Comm'r Soc. Sec. Admin.*,

574 F.3d 685, 690 (9th Cir. 2009) (internal citation omitted).

First, Williams argues that the Administrative Law Judge ("ALJ")

improperly rejected his brother's testimony because the ALJ ignored some of his

brother's statements and because the ALJ failed to provide any germane reason for

rejecting the testimony. "Lay testimony as to a claimant's symptoms is competent

evidence which the Secretary must take into account, . . . unless he expressly

determines to disregard such testimony, in which case 'he must give reasons that

are germane to each witness.'" *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.

1996) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.1993) (emphasis omitted)).

Here, the ALJ did not reject or ignore the brother's testimony, but instead considered it and gave it less weight than other contradictory evidence:

> [T]he allegations of the claimant's brother [Robert C. Williams] are generally credible. However, while the claimant may have experienced difficulties participating in his brother's and operating his own business, there is no evidence he was incapable of simple types of tasks. The claimant took community college courses in 1997 and 1998, taking courses in small business management. His transcript reflects he earned A's and B's. More recently, he took art classes in 2004 and earned A's.

The ALJ's statement that "there is no evidence he was capable of simple types of tasks" implies that the ALJ found the brother's testimony that Williams had difficulty performing simple tasks not credible. The ALJ acknowledged the brother's conclusion regarding simple tasks, but gave more weight to the evidence showing that Appellant was able to do other more complex tasks as quoted above. The ALJ therefore properly considered and weighed the evidence.

Second, Appellant argues that the ALJ "failed to fully and fairly develop the record" because the evidence surrounding the diagnosis date of Mr. Williams' dystonia and subsequent prescription of Klonopin is ambiguous. Medical expert Robert McDevitt testified at the ALJ hearing that there was a need for additional

3

records as to when and for what impairment Appellant was placed on Klonopin, and the ALJ asked Mr. Williams' counsel for the records but Mr. Williams' counsel never provided them. Appellant contends that with this information, Dr. McDevitt would have been able to opine on the possible side effects of Appellant's medications.

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. . . . This duty exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (citing *Thompson v. Schweiker*, 665 F.2d 936, 941 (9th Cir. 1982)) (criticizing an ALJ for failing to hold a hearing over an issue in dispute between the parties). A claimant's duty is to "furnish medical and other evidence that [can be used] to reach conclusions about [his] medical impairment(s) and . . . its effect on [his] ability to work on a sustained basis." 20 C.F.R. § 404.1512(a).

Here, the ALJ ordered Appellant's counsel to provide the exact records that Dr. McDevitt stated would be helpful. Appellant's counsel stated on the record that he would supply the records within thirty days, but failed to do so. Even without these records, the ALJ was able to determine when Mr. Williams started taking Klonopin and found that the Klonopin was effective for Appellant. We

conclude that because the ALJ held a hearing, ordered that Mr. Williams' counsel provide the potentially helpful records, and looked elsewhere in the record to obtain relevant information, the ALJ did not fail to develop the record.

Third, Appellant argues that the ALJ erroneously rejected the impartial medical expert's testimony and impermissibly substituted her own judgment for that of the expert by independently reviewing and interpreting the medical reports. Appellant then states that because the ALJ "assumed the role of medical expert," the Appellant's due process right to cross-examine the "expert" was violated.

The Code of Federal Regulations requires the use of independent medical opinion. 20 C.F.R. § 404.1527(a)(2)-(b). The Code states that although the Commissioner will consider opinions from medical sources on issues such as the claimant's functional capacity and whether the claimant has an enumerated impairment, "the final responsibility for deciding these issues is reserved to the Commissioner." *Id.* at § 404.1527(d)(2). Because the ALJ has the sole responsibility of making the determination whether a claimant meets the statutory definition of a disability,"[a] statement by a medical source [he is] 'disabled' or 'unable to work' does not mean that [the ALJ] will determine that [he is] disabled." *Id*. at (d)(1).

Appellant relies on a First Circuit case stating that "[t]he ALJ may not substitute his own layman's opinion for the findings and opinion of a physician . . . ." *Gonzalez Perez v. Sec'y of Health & Human Services*, 812 F.2d 747, 749 (1st Cir. 1987). In *Gonzalez Perez*, the ALJ did in fact substitute his own judgment for that of the medical experts by finding that it "was not fully credible" that the claimant was intolerable to wearing a contact lense in his eye as the medical expert testified, and that it was "difficult to believe that such an irreconcilable difference in correction exists between one eye and the other." *Id*. at 748. The ALJ drew no similar medical conclusion in the present case.

Appellant also relies on the Ninth Circuit case *Burkhart v. Bowen*, 856 F.2d 1335 (9th Cir. 1988), which held that an ALJ impermissibly assumed the role of vocational expert. First, *Burkhart*'s holding relates to vocational experts, not medical experts. Even if we read *Burkhart* to include medical experts, it is inapposite. In *Burkhart*, the ALJ assumed the role of a vocational expert, opining on exactly what jobs the claimant could do, and no vocational expert testified in the case. *Id*. at 1341. Here, however, there was no lack of expert testimony.

The ALJ properly reviewed the entire record, including the medical expert's opinion, identified contradictory evidence, and determined whether the claimant

6

met the statutory definition of disability as required under 20 C.F.R. § 404.1527(e).

Appellant also argues that his due process rights were violated because the ALJ assumed the role of the medical expert and the Appellant was unable to cross-examine the ALJ in that role. This argument lacks merit, as the ALJ did not assume the medical expert role, and Appellant did cross-examine the impartial medical examiner. Moreover, Appellant appealed the ALJ's findings to the Commissioner, then filed appeals with the United States District Court and this Court. Therefore, there is no evidence to support a due process violation.

Accordingly, we **AFFIRM** the district court's judgment in favor of the Commissioner and the Commissioner's decision denying Williams' claim for social security benefits.