**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEAN D. MOON,<br><br>         Plaintiff - Appellant,<br><br>   v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>         Defendant - Appellee. | No. 12-35503<br><br>D.C. No. 3:11-cv-05230-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted October 9, 2013
Seattle, Washington

Before: GRABER and MURGUIA, Circuit Judges, and BURY, District Judge.[**]

Sean Moon appeals the denial of his adult child disability benefits claim. We

review de novo the district court's order affirming the decision of the

administrative law judge ("ALJ"). *Armstrong v. Comm'r of Soc. Sec. Admin.*, 160

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The Honorable David C. Bury, United States District Judge for the
District of Arizona, sitting by designation.

F.3d 587, 589 (9th Cir. 1998). We uphold the decision if it is supported by substantial evidence in the record and if the ALJ applied the correct legal standards. *Id.* We have jurisdiction under 28 U.S.C. § 1291. We conclude that the ALJ's decision was not based on a sufficiently developed record, and we remand for further proceedings.

In May 1995, the Commissioner determined that Moon was disabled and Moon began receiving Supplemental Security Income benefits. In January 2007, Moon applied for adult child disability benefits, which require a disability onset date before the claimant's 22nd birthday. 42 U.S.C. § 402(d)(1). Moon turned 22 on September 24, 1993. The ALJ found that, before September 24, 1993, Moon was severely impaired by depression, obesity, and a personality disorder, but that he was not disabled by the impairments.

The ALJ erred by not acknowledging in the written determination that Moon had been adjudged disabled in May 1995 and by not obtaining expert testimony regarding the onset of Moon's disability. "In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered. This duty exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (per curiam) (citation omitted). When the onset of disability must be inferred because a definite

2

onset date cannot be determined from the medical evidence in the record, the ALJ must obtain expert testimony. *Armstrong*, 160 F.3d at 589-90; *see also* SSR 83-20, 1983 WL 31249.

In May 1995, the Commissioner found that Moon was disabled, but the record does not show conclusively when he became disabled. Because of the nature of Moon's impairments and in view of some medical evidence from 1993 and before, the existing record suggests that the onset date may have been earlier than May 1995. Pursuant to his obligation to develop the record, the ALJ should have obtained expert testimony on whether, considering the medical evidence in the record and the 1995 disability determination, an onset date before September 24, 1993, should have been inferred.

We therefore reverse the ALJ's finding that Moon was not disabled prior to his 22nd birthday and remand to the district court with instructions to remand to the Commissioner for further development of the record and for reconsideration. Further development of the record should incorporate the opinion of a medical expert concerning the onset date of Moon's disability and such further evidence as the Commissioner may deem appropriate to include.

**REVERSED AND REMANDED**.