**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARI MALLOY, | No. 14-35400 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01488-BAT |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted October 3, 2016[**]
Seattle, Washington

Before: W. FLETCHER, GOULD, and N.R. SMITH, Circuit Judges.

Mari Malloy appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability benefits

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

1. The administrative law judge (ALJ) denied Malloy's request for a consultative evaluation and found Malloy not disabled. The ALJ found that Malloy did not have a severe mental health impairment and determined Malloy's residual functional capacity (RFC) to be such that she could perform light work without concentrated exposure to heights or hazards. The ALJ found Malloy to be not credible, and gave minimal weight to lay witness testimony of Malloy's husband, sister, daughter, and friend. The ALJ relied on a vocational expert's testimony that there were jobs in the national economy that one could perform with the described RFC, as well as an RFC of sedentary work limited to occasional posturing and no use of ladders, rope, or scaffolding, and avoiding concentrated exposure to heights or hazards.

2. Malloy argues that the ALJ had to provide a consultative psychological evaluation. "[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). But the "duty to conduct an appropriate inquiry" is triggered "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *McLeod v.*

2

*Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). Here, the record was neither ambiguous nor inadequate to permit the ALJ to make a proper evaluation, and indeed contained the results of two psychological evaluations performed after the date last insured.

3.    Malloy argues that the ALJ erred in giving only limited weight to the lay witnesses' statements of her relatives and a friend. Generally, "an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also* 20 C.F.R. § 404.1513(d)(4). But an "ALJ may expressly disregard lay testimony if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner v. Comm'r, Soc. Sec. Admin*, 613 F.3d 1217, 1224 (9th Cir. 2010). The ALJ gave germane reasons for giving little weight to the lay witness statements, including inconsistency with the medical record and with Malloy's reported activities. Substantial evidence supports these reasons.

4.    Malloy challenges the ALJ's determination that she was not credible. "For the ALJ to reject the claimant's complaints, she must provide 'specific, cogent reasons for the disbelief.'" *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (quoting *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). Absent evidence of malingering, "the Commissioner's reasons for rejecting the claimant's

3

testimony must be 'clear and convincing.'" *Id.* (quoting *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). But here the ALJ gave specific, cogent reasons for disbelieving Malloy's testimony on the severity, persistence, and limiting effects of her symptoms, such as inconsistencies with the medical records and her reported activities. *See Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002). The ALJ could reasonably find Malloy not credible.[1]

5.      Malloy asserts that it was error for the ALJ to reject her claim at step two of the five-step disability determination sequence, that her mental health limitations constituted a severe impairment. "[An] impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, *not only by [the claimant's] statement of symptoms*." 20 C.F.R. § 404.1508 (emphasis added). The record showed "minimal and inconsistent treatment" for any psychological symptoms Malloy may have experienced. We do not take on the role of the ALJ, in weighing disputed

---

[1] The district court held that an ALJ statement that Malloy had engaged in drug-seeking behavior was not supported by substantial evidence. We agree, but because the ALJ gave other specific, cogent reasons for finding Malloy not credible, this error was inconsequential. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Substantial evidence supports the ALJ's step-two finding.

6. Malloy also contends that the ALJ erred in finding that Malloy could perform light work so long as she avoided concentrated exposure to heights and hazards. She contends the ALJ erred in rejecting the conclusions of two non-examining consultants that Malloy was limited to sedentary work. The ALJ explained that the medical evidence contradicted the consultants' conclusions, citing findings that Malloy's lumbar and cervical spine displayed only mild degenerative changes, as well as Malloy's consistent presentation of normal arm strength, leg functioning, gait, range of extremity and neck motion, and motor and sensory function. It was not error to disregard the conclusions upon which Malloy relies based on this contradictory objective evidence. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). And even if Malloy was limited to sedentary work, the vocational expert identified two jobs for which Malloy is qualified and could perform.

7. Malloy contends that the ALJ improperly disregarded her claimed nonexertional limitations, such as pain and cognitive issues. But that evidence was based on her reporting. The ALJ properly found Malloy was not credible, and so did not err in rejecting her claims of nonexertional limitations.

8.     Malloy's other arguments are without merit.

AFFIRMED.