NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STACEY SCHNEIDER,

              Plaintiff-Appellant,

    v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

              Defendant-Appellee.

No.    20-17387

D.C. No. 4:19-cv-00147-BGM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Bruce G. Macdonald, Magistrate Judge, Presiding

Argued and Submitted November 17, 2021
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, and CLIFTON and BRESS, Circuit Judges.

    Stacey Schneider appeals the district court's order affirming the

Commissioner of Social Security's denial of disability benefits and supplemental

Social Security income.  "We review the district court's order affirming the ALJ's

denial of social security benefits de novo and will disturb the denial of benefits only

if the decision contains legal error or is not supported by substantial evidence."

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The ALJ discharged her duty to assist Schneider in fairly and fully developing the record. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). We have held that "[t]he ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *see also Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1999). "[T]he ALJ must be especially diligent" when, as here, the claimant was unrepresented during the ALJ proceedings. *Tonapetyan*, 242 F.3d at 1150.

Here, the ALJ met her obligations. Among other things, the ALJ informed Schneider of her "duty to assist [Schneider] in obtaining records." The ALJ then identified the medical records that had been submitted. The ALJ asked Schneider multiple times if there were any additional records missing. And when Schneider mentioned missing records, the ALJ made efforts to secure them. The ALJ also left the record open for further submissions following the hearing and informed Schneider how to provide further information. Given the ALJ's various other efforts to develop the record, Schneider's singular focus on her "Recent Medical Treatment" form mistakes the inquiry. The form itself contained limited information

2

and was of limited value because of the vagueness of Schneider's written answers. Even so, the ALJ asked Schneider questions that would have elicited the information on the Recent Medical Treatment form had Schneider chosen to provide the information during the hearing. Schneider has thus not demonstrated error in the ALJ's alleged failure to do more with the Recent Medical Treatment form itself.

Regardless, Schneider has not identified any material records that the ALJ lacked. We "will not reverse an ALJ's decision on the basis of harmless error." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Unless the harmfulness of the error is "apparent," "the party seeking reversal must explain how the error caused harm." *McLeod v. Astrue*, 640 F.3d 881, 887–88 (9th Cir. 2011). While the claimant does not "necessarily ha[ve] to show what other evidence could have been obtained," *id.*, she must show a "genuine probability" of prejudice. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 933 (9th Cir. 2014). Here, Schneider has not shown any genuine probability of prejudice in the ALJ's claimed failure to develop the record further when Schneider, even after she retained counsel, has not identified what the additional records would have contained or how they would have affected the ALJ's analysis.

2.     Schneider also argues that the district erred in giving reduced weight to the opinion of her treating physician, Dr. Chantelle Chen. Although a treating source's medical opinion generally receives greater weight, it must be "well-

3

supported by medically acceptable clinical and laboratory diagnostic techniques" and not be "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).[1] We have held that "if the treating doctor's opinion is contradicted by another doctor, the ALJ may discount the treating physician's opinion by giving specific and legitimate reasons that are supported by substantial evidence in the record." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation and quotations omitted).

Here, the ALJ reasonably rejected Dr. Chen's opinion and provided specific and legitimate reasons for that decision. After reviewing Dr. Chen's conclusions, the ALJ gave Dr. Chen's opinion "reduced weight" because it was "not consistent with the objective evidence" and was contradicted by Dr. Hirsch's evaluation. *See id.* at 1154. The ALJ gave specific and sufficient reasons for this conclusion, including that "there was indication gallbladder surgery had resolved some of her abdominal complaints." By contrast, the ALJ explained that Dr. Hirsch's physical assessments were "consistent with the overall objective evidence of non-severe physical impairments." *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical

---

[1] Because Schneider's claim was filed before March 27, 2017, this regulation applies to her claim. *See* 20 C.F.R. § 404.1520c (2020).

4

findings or other evidence in the record."). The ALJ thus provided substantial evidence to support her conclusion as the "final arbiter" in "resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d at 1041.

**AFFIRMED.**